

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–8

|  |  |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| PIPING INDUSTRIAL COMPANY, INC. <br>           **APPELLANT** | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. CV-08-114-4] |
| V. | HONORABLE TIM WEAVER, JUDGE |
| FUTURE FUEL CHEMICAL COMPANY <br>           **APPELLEE** | DISMISSED IN PART; AFFIRMED IN PART |

## DAVID M. GLOVER, Judge

This case arose out of a contract dispute involving a multi-million-dollar construction project. Appellant, Piping Industrial Company, Inc. ("Piping"), undertook the project to construct additions and modifications at the Batesville plant of appellee, Future Fuel Chemical Company ("Future Fuel"). Problems arose and Piping ultimately pulled its men off the project with $530,000 in out-of-pocket expenses invested in the project. Future Fuel filed a lawsuit alleging breach of contract, and Piping counterclaimed for breach of contract, quantum meruit, and unjust enrichment. The case was submitted to the jury on interrogatories and a general verdict. In response to the interrogatories, the jury concluded that Piping had materially breached its contract with Future Fuel, that Future Fuel had not materially breached its contract with Piping, that Piping had not

substantially performed its contract with Future Fuel, and that Future Fuel had substantially performed its contract with Piping. The jury then awarded $621,699 in damages to Piping.

The Jury Verdict and Judgment was entered May 3, 2012. Later that day, Future Fuel filed a motion for attorney's fees. Then, on May 14, 2012, Future Fuel filed a Motion for Judgment Notwithstanding the Verdict. On June 12, 2012, the trial court entered its Order Granting Motion for Judgment Notwithstanding the Verdict and to Alter or Amend the Judgment. On the same date, the trial court also entered an Amended Jury Verdict and Judgment, reducing the damage award to $234,961.85. On June 14, 2012, Piping filed its notice of appeal "from an Order Granting Plaintiff/Counterdefendant's Motion for Judgment Notwithstanding the Verdict and to Alter or Amend the Judgment entered June 12, 2012, and all other rulings adverse to PIC." On July 3, 2012, the trial court entered an Order Granting Future Fuel's Motion for Attorney's Fees, awarding it $96,625.25. On July 9, 2012, Piping filed its notice of appeal from the July 3, 2102 order granting attorney's fees.

In its appeal, Piping contends: 1) the trial court erred by granting Future Fuel's request for JNOV, and 2) the trial court erred by awarding attorney's fees to Future Fuel. We dismiss Piping's appeal from the order granting Future Fuel's request for JNOV; we affirm the order awarding attorney's fees to Future Fuel.

2

SLIP OPINION

I. *Order Granting Motion for JNOV and to Alter/Amend Judgment*

Piping's notice of appeal specifically designated that it was an appeal "from an Order Granting Plaintiff/Counterdefendant's Motion for Judgment Notwithstanding the Verdict and to Alter or Amend the Judgment entered June 12, 2012, and all other rulings adverse to PIC." It did not designate that it was an appeal from the Amended Jury Verdict and Judgment that was filed on the same day. Consequently, the order from which Piping designated its appeal, *i.e.*, the June 12 order that granted Future Fuel's request for JNOV and to alter or amend the judgment, contemplated further action in the form of amending or altering the jury verdict and judgment, making it not final and appealable. Moreover, because Piping filed no notice of appeal with respect to the Amended Jury Verdict and Judgment, the time has now passed to do so. Our Rules of Appellate Procedure–Civil provide that a notice of appeal shall, among other things, "designate the judgment, decree, order, or part thereof appealed from." Ark. R. App. P.–Civ. 3(e). Accordingly, a notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before the appellate court. *Rose v. Rose*, 2013 Ark. App. 256, __ S.W.3d __. We are, therefore, left without jurisdiction to act and must dismiss the appeal that was taken from this designated order.

II. *Attorney's Fees*

However, we do have jurisdiction to address Piping's appeal from the award of attorney's fees. Attorney's fees are a collateral matter; there was a separate order awarding

attorney's fees to Future Fuel; and Piping filed a timely separate notice of appeal specifically challenging the award of those fees.  We affirm the award of attorney's fees.

We review attorney's fee awards under an abuse-of-discretion standard.  *Dunn v. Womack*, 2011 Ark. App. 393, 383 S.W.3d 893.  In Arkansas, a trial court cannot award attorney fees unless they are expressly provided for by statute or rule.  *Id*.  Arkansas Code Annotated section 16-22-308 (Repl. 1999) allows attorney's fees in breach–of–contract cases.  This is clearly a contract dispute.  Piping does not challenge the reasonableness of the amount of the attorney's fees.  Piping's primary challenge to the attorney's fee award seems to be its claim that it (Piping) was actually the prevailing party.  The record does not support that position, and it is being raised for the first time on appeal.  We find no abuse of discretion and therefore affirm the trial court's award of attorney's fees to Future Fuel.

Dismissed in part; affirmed in part.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Gibson Law Office*, by: *Chuck Gibson*, for appellant.

*Blair & Stroud*, by: *Robert D. Stroud* and *Barrett S. Moore*, for appellee.