Cite as 2014 Ark. App. 203

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–849

| | |
|---|---|
| THE LOGAN CENTERS, INC., ET AL. <br> APPELLANTS | **Opinion Delivered** April 2, 2014 |
| V. | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. CV–2013–49–1] |
| CARLA WALKER, AS ADMINISTRATRIX OF THE ESTATE OF ANTONIO COZART <br> APPELLEE | HONORABLE L.T. SIMES, JUDGE <br><br> REVERSED AND REMANDED |

## JOHN MAUZY PITTMAN, Judge

Appellee filed a complaint instituting a medical-malpractice and wrongful-death action against appellants. Counsel for appellants filed a notice of appearance and motion for extension of time to respond to the complaint pursuant to Ark. R. Civ. P. 6(b)(1) before expiration of the time to respond to the complaint. Appellee filed motions objecting to any extension and seeking default judgment. Seven days after the expiration of the time for filing the answer, appellants filed an answer. After a hearing on the motions, the trial court denied appellants' motion for extension of time to respond to the complaint, granted appellee's motion to strike appellants' answer, and granted default judgment in favor of appellee. This appeal followed. Our jurisdiction is pursuant to Ark. R. App. P.–Civ. 2(a)(4), which permits an immediate appeal from an order striking an answer.

Appellants argue that the trial court erred as a matter of law in applying the more stringent standard applicable to Ark. R. Civ. P. 6(b)(2) rather than the "for cause shown" standard of Ark. R. Civ. P. 6(b)(1). We agree, and we reverse.

Arkansas Rule of Civil Procedure 6(b) governs the extension of time periods established by the Rules. It provides that:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause, but it may not extend the time for taking an action under Rules 4(i), 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Here, it is undisputed that appellants' request for an extension of time was made before the expiration of the time to answer. Consequently, the applicable standard is "for cause shown." It is clear, however, that the trial court applied the standard in subsection (2) that applies to motions made after the expiration of the time period. The court's order expressly recites:

> 12. That on the Motion for Extension of Time to Respond to Complaint, the court denies that motion and relies on the following caselaw:
>
> In *Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998) the court stated:
>
> > Rule 6(b)(2), any failure to file an answer on time could be referred to as a "mistake" in the sense that an error of some sort caused the failure to file on time. To hold, however, that any error whatsoever should excuse compliance with Rule 12(a) would deprive the trial courts of the discretion to which the rule refers. That is not the intent behind the rule.

SLIP OPINION

A showing of mistake (or inadvertence, surprise, or excusable neglect) is necessary under Rule 6(b) only when the motion for extension of time is filed after the applicable filing period has already expired. When a motion is made before the filing period has expired, those factors need not be shown, and it is necessary only to "show cause" under the less stringent standard applicable to Rule 6(b)(1). There are no Arkansas cases differentiating between these standards, but the notes to Rule 6 indicate that it is virtually identical to the federal rule. With respect to the federal rules, the leading authority states:

> Rule 6(b)(1)(A) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed or prior to the expiration of the period as extended by a previous enlargement order. However, at least two courts of appeals have held that an extension is effective only if the court explicitly extends the time period under Rule 6(b); a request for a status report and the continued administration of the case after the expiration date are not evidence of an implied extension under Rule 6(b).

> Because the district court may exercise its discretion under Rule 6(b)(1) only "for good cause," a party must demonstrate some justification for the issuance of the extension. However, an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. Neither a formal motion for enlargement nor notice to the adverse party is expressly required by the rule.

> Current Rule 6(b)(1)(B)—formerly Rule 6(b)(2)—provides that the district court, in its discretion, may order an extension even after the expiration of a specified time period, but only for "good cause" and where the party's failure to act in a timely fashion was the result of excusable neglect. The note below contains the citation of a number of cases applying the "excusable neglect" standard in a variety of substantive and factual contexts. The rule's requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension, but several courts have made it clear that an enlargement of the time period is by no means a matter of right. A request for an extension under Rule 6(b)(1)(B) should be made upon formal application for an order in compliance with the provisions of Rule 7(b)(1) relating to motions. Because Rule 7(b)(1) requires that the application state with particularity the grounds therefor, the movant must allege the facts constituting excusable neglect

SLIP OPINION

and the mere assertion of excusable neglect unsupported by facts has been held to be insufficient.

Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time. Common sense indicates that among the most important factors are: the possibility of prejudice to the other parties, the length of the applicant's delay and its impact on the proceeding, the reason for the delay and whether it was within the control of the movant, and whether the movant has acted in good faith.

4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004).

It is true that a motion to extend time to file an answer is not a substitute for filing an answer and does not automatically extend the time for filing an answer under Rule 12. *See Adams v. Moody*, 2009 Ark. App. 474, 324 S.W.3d 348 (2009). But that is not the issue here. The question, instead, is whether the trial court erred in applying the Rule 6(b)(2) standard that requires a showing of facts constituting mistake, inadvertence, surprise, or excusable neglect, instead of the "show cause" standard of Rule 6(b)(1) that "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." We hold that the Rule 6(b)(1) standard is applicable here, and we reverse and remand for further consistent proceedings.

Reversed and remanded.

GLOVER and VAUGHT, JJ., agree.

*Hagwood Adelman Tipton, PC*, by: *Rebecca Adelman*, for appellant.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson* and *Don Etherly*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.