SLIP OPINION



Cite as 2015 Ark. App. 687

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-15-442

| | |
|---|---|
| THE LOGAN CENTERS, INC., ET AL. **APPELLANTS** | **Opinion Delivered** DECEMBER 2, 2015 |
| V. | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. CV-13-49-1] |
| CARLA WALKER, AS ADMINISTRATRIX OF THE ESTATE OF ANTONIO COZART **APPELLEE** | HONORABLE L.T. SIMES II, JUDGE |
| | REVERSED AND REMANDED |

## DAVID M. GLOVER, Judge

This is the second time this case has been before this court. As we explained in the original opinion, appellee, Carla Walker, as administratrix of the estate of Antonio Cozart (Estate), filed a complaint instituting medical–malpractice and wrongful–death actions against appellants, The Logan Centers, Inc., et al. (Logan Centers). *Logan Centers*, *Inc.* v. Walker, 2014 Ark. App. 203. Before expiration of the time to respond to the complaint, Logan Centers' counsel filed a notice of appearance and motion for extension of time to respond to the complaint pursuant to Ark. R. Civ. P. 6(b)(1). The Estate filed motions in which it objected to any extension and sought a default judgment. Logan Centers filed an answer seven days after the expiration of the time for filing the answer. Following a hearing on the motions, the trial court denied Logan Centers' motion for extension of time to respond to the complaint, granted the Estate's motion to strike Logan Centers' answer, and granted default judgment in favor of the Estate. The original appeal followed, and Logan Centers contended

that the trial court erred as a matter of law in applying the more stringent standard applicable to Ark. R. Civ. P. 6(b)(2) rather than the "for cause shown" standard of Ark. R. Civ. P. 6(b)(1). We agreed and reversed and remanded the case to the trial court with instructions to apply the Rule 6(b)(1) standard in deciding Logan Centers' motion for extension.

On remand, the trial court heard arguments on the motion and again denied the motion for extension in an order dated February 2, 2015, finding in part that Logan Centers never presented to the court or requested the court to rule on its motion for extension before the expiration of the time required to answer the Estate's complaint and that the records and oral presentations made by Logan Centers in support of the motion for extension lacked credible evidentiary proof. The trial court again struck Logan Centers' answer as untimely and reinstated its grant of a default judgment against it. The instant appeal followed.

In this appeal, Logan Centers contends that: 1) on remand, the trial court erred in denying Logan Centers' timely motion for an extension of time to respond to the complaint, and 2) the trial court erred in striking Logan Centers' answer and entering a default judgment under Ark. R. Civ. P. 55. We again reverse and remand this case for further proceedings consistent with this opinion.

Logan Centers first contends the trial court erred as a matter of law in finding that Rule 6(b)(1) required them to present the timely filed motion for extension to the trial court or request the court to rule on the motion before the time to answer expired. We agree.

We employ an abuse-of-discretion standard in reviewing a trial court's decision to grant or deny a motion for extension of time pursuant to Ark. R. Civ. P. 6(b). *Layman v.*

*Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998). However, the proper construction of a court rule is reviewed under a de novo standard. *Pope v. Overton*, 2011 Ark. 11, 376 S.W.3d 400.

Rule 6(b)(1) of the Arkansas Rules of Civil Procedure provides,

(b) *Enlargement.* When by these Rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court *for cause shown* may at any time *in its discretion* (1) *with or without motion or notice*, order the period enlarged *if request therefor is made before the expiration of the period originally prescribed* or as extended by a previous order[.]

(Emphasis added.) In our original opinion, we explained the differences in subsections (1) and (2), and we quoted with approval a discussion concerning Rule 6(b)(1) from 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004):

A showing of mistake (or inadvertence, surprise, or excusable neglect) is necessary under Rule 6(b) *only* when the motion for extension of time is filed *after* the applicable filing period has already expired. When a motion is made *before the filing period has expired*, those factors need not be shown, and it is necessary only to "show cause" under the less stringent standard applicable to Rule 6(b)(1). There are no Arkansas cases differentiating between these standards, but the notes to Rule 6 indicate that it is virtually identical to the federal rule. With respect to the federal rules, the leading authority states:

Rule 6(b)(1)(A) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed or prior to the expiration of the period as extended by a previous enlargement order. However, at least two courts of appeals have held that an extension is effective only if the court explicitly extends the time period under Rule 6(b); a request for a status report and the continued administration of the case after the expiration date are not evidence of an implied extension under Rule 6(b).

Because the district court may exercise its discretion under Rule 6(b)(1) only "for *good* cause,"[1] a party must demonstrate some justification for the

---

[1] The federal rule contains the adjective "good" before cause. Our rule states for "cause shown."

issuance of the extension. *However, an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. Neither a formal motion for enlargement nor notice to the adverse party is expressly required by the rule.*

*Logan Centers*, 2014 Ark. App. 203, at 3 (emphasis added). In our original opinion, after explaining the different treatment under the rule concerning motions for extension filed after the expiration of an applicable time period versus those filed before, we then further explained,

> It is true that a motion to extend time to file an answer is not a substitute for filing an answer and does not automatically extend the time for filing an answer under Rule 12. But that is not the issue here. The question, instead, is whether the trial court erred in applying the Rule 6(b)(2) standard that requires a showing of facts constituting mistake, inadvertence, surprise, or excusable neglect, instead of the "show cause" standard of Rule 6(b)(1) that "*normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.*" We hold that the Rule 6(b)(1) standard is applicable here, and we reverse and remand for further consistent proceedings.

*Id*. at 4 (emphasis added) (citations omitted).

On remand, Logan Centers submitted to the trial court affidavits in support of its request for an extension. Its counsel also filed an affidavit, laying out a detailed time line of events that provided in part:

a.      Jeannie Boeckmann (now Sherman) as agent for the Logan Centers was served with the complaint on April 23, 2014 [sic];
b.      Ms. Sherman contacted her personal attorney, Paul Ford, as well as the insurance agent and the claim was reported on May 7, 2013;
c.      Notice was received by the insurance carrier on May 9, 2013;
d.      The insurance carrier communicated with attorney Paul Ford during the initial investigative process including communication with Ms. Sherman;
e.      On May 17, 2013, after confirming no conflicts of interest, the insurance carrier assigned my firm as defense counsel;
f.      On May 19, 2013, the formal assignment was received by my office;

g.      On May 20, 2013, I had an initial conference with Ms. Sherman and Mr. Ford regarding the Complaint and additional investigation and action plan;

h.      On May 21, 2013, after I received no response to various communications sent to Plaintiff's counsel regarding an extension and the proper party defendants, I filed a Notice of Appearance and timely Motion for Extension of Time to Respond to the Complaint requesting an additional twenty days and as cause stated that there were Defendants who were not proper and I had recently received the assignment and needed additional time to respond.

In its order following remand, the trial court explained its basis for denial of the motion

as follows:

1.      The Court finds that the defendants' Motion for Extension of Time was filed on May 22, 2013. *The defendants never presented to the Court or requested the Court to rule on its Motion for Extension before the expiration of the time required to answer the plaintiffs' complaint.*

2.      *The Court finds that the records and oral presentation made by the defendants in support of their Motion for Extension lacks credible evidentiary proof* therefore, the Motion for Extension is denied.

(Emphasis added.) The trial court's decision focused on a matter not even required by the

rule—the lack of a request to rule on the motion for extension that had already been timely

filed. Rule 6(b) does not require a party that has filed a timely motion for extension to then

additionally request the trial court to rule on that motion prior to the expiration of the time

to answer. Neither does the rule require an evidentiary hearing. The rule requires only the

showing of cause for requesting an extension. Therefore, to the extent the trial court based

its denial on a lack of evidence, we also find error.

Rule 6(b)(1) requires "cause shown." In our original opinion remanding this case, we

explained that Rule 6(b)(1) was a less stringent standard than that contained in Rule 6(b)(2);

that the "cause shown" standard of Rule 6(b)(1) "'normally will be granted in the absence of

bad faith on the part of the party seeking relief or prejudice to the adverse party'" (quoting Wright & Miller's discussion); that the Rule 6(b)(1) standard was applicable in this case; and that we were remanding for further proceedings consistent with our opinion. We have concluded that the trial court's analysis on remand was anything but consistent with our earlier opinion. We once again reverse and remand this case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

HIXSON and HOOFMAN, JJ., agree.

*Hagwood Adelman Tipton, PC*, by: *Rebecca Adelman*, for appellant.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson* and *Don Etherly*; *Harris Shelton Hanover Walsh, PLLC*, by: *Christopher S. Campbell* and *Michael F. Rafferty*, for appellee.

SLIP OPINION