ROBIN F. WYNNE, Associate Justice 11 The City of Little Rock (City) appeals from orders of the Pulaski County Circuit Court imposing a $10,000 fine for violations of Arkansas Rule of Civil Procedure 11 and finding the City in contempt for failure to pay the fine within the time prescribed. The City argues that the imposition of Rule 11 sanctions and the finding of contempt constitute a plain, manifest, and gross abuse of discretion. We affirm in part and dismiss in part. In May 2014, Tiffany Malone sued the City and various officials in the Little Rock Police Department (LRPD) for gender discrimination and retaliation. In November 2015, the circuit court entered a scheduling order setting trial for May 4-6, 2016. The order set a pretrial hearing for April 4, 2016. Discovery was required to be completed sixty days prior to the pretrial date. On February 26, 2016, the City filed a motion to continue the jury trial, citing medical issues experienced by the City’s counsel assigned to the case. The motion was denied. The City filed a second, more detailed motion for continuance that | gincluded medical records attached as exhibits on March 8, 2016. The circuit court denied the second motion. On March 30, 2016, the City filed a motion to reconsider the rulings on the first and second motions for continuance. On April 21, 2016, the City filed a motion to continue jury trial and request a new scheduling order. In the motion, the City alleged that Ms. Malone had identified in her witness list any person identified in interrogatories or deposed in her case and three other similar cases against LRPD that had been filed and were undergoing discovery. The City requested a continuance to review the discovery in the other cases. The City filed a separate concurrent motion in which it requested that it be granted either (1) a continuance or (2) permission to file a motion in limine regarding Ms. Malone’s witness list. On April 25, 2016, the circuit court entered an order regarding the City’s April 21, 2016 motion to continue jury trial and request a new scheduling order. In the order, the circuit court states that, at the pretrial hearing on April 4, 2016, counsel for the City made statements indicating that she had not “properly and professionally prepared the case for trial” and that she had “failed and refused” to comply with the scheduling order. The circuit court found that the City had willfully refused to comply with the scheduling order, necessitating that the scheduled jury trial be continued. The circuit court further found that the willful actions of the City in failing to comply with the scheduling order and in filing repeated motions for a continuance was a violation of Rule 11 of the Arkansas Rules of Civil Procedure. The circuit court assessed a penalty of $10,000 and ordered the City to pay the penalty within ten calendar days. l.sOn May 3, 2016, the City filed a motion to set aside the sanction, in which it argued that the circuit court had failed to comply with the requirements of Rule 11. The next day, the City filed a motion to stay the sanction pending consideration of the motion to set aside. The circuit court denied both motions in an order entered on May 9, 2016. Also on May 9, 2016, the circuit court issued an order requiring the Little Rock City Manager to appear and show cause why the City should not be held in contempt for failure to pay the penalty within ten days. On May 12, 2016, the City filed a notice of payment of fine and motion to cancel show-cause hearing as moot to which it attached a receipt reflecting that it had paid the $10,000 penalty on that date. The show-cause hearing was held on May 16, 2016. On May 20, 2016, the circuit court entered an order in which it found the City in contempt and stated that it could cure its contempt by requiring the city attorney to attend at least five additional hours of continuing legal education on the specific topics of law-office case management and/or docketing and control and one additional ethics hour. The circuit court further stated that, if the City failed to purge the contempt by January 13, 2017, the defendants’ answer would be stricken and default judgment as to liability would be entered in favor of Ms. Malone. On June 6, 2016, the City filed a notice of appeal from both the April 25, 2016 order and the May 20, 2016 order. Appellee argues that the notice of appeal is untimely as to the April 25 order because it was filed more than thirty days after that order was entered. We disagree. Pursuant to Arkansas Rule of Appellate Procedure—Civil 4(b)(1) (2016), the filing of a motion to vacate, alter, or amend a judgment made no later than ten days after the entry of the judgment extends the time to file a notice of appeal to thirty days after the entry of an order disposing 14of the motion. The City filed a, motion to. set aside the sanction imposed in the April 25 order on May 3, which was within ten days. The circuit court denied the motion on May 9. The City filed its notice of appeal on June 6, which was within thirty days of the May 9 order. Thus, the notice was timely as to the April 25 order. Additionally, there is no dispute that the notice of appeal is timely as to the May 20 contempt order. An appeal from any final order" also brings up for review any intermediate order involving the merits and necessarily affecting the judgment. Ark. R. App. P.—Civ. 2(b) (2016). We have held that an appeal from a contempt order also brings up for review the order or orders on which the contempt is based. Young v. Young, 316 Ark. 456, 872 S.W.2d 856 (1994). Therefore, the April 25 order is properly before us. Having determined that the April 25 order is properly before us, we must now determine whether the City’s payment of the $10,000 sanction renders an appeal from the April 25 order moot. We hold that it does.[1] If the payment of a judgment is voluntary, the case is moot, but if the payment is involuntary, the appeal is not precluded. Reynolds Health Care Servs., Inc. v. HMNH, Inc., 364 Ark. 168, 217 S.W.3d 797 (2005). In determining whether a payment was voluntary or involuntary, one of the most important factors to consider is whether the payor was able to file a supersedeas bond at the time the judgment was satisfied. Id. Here, the City filed a motion to stay the sanctions while the motion to|fiset aside was under consideration. Once the motion to reconsider was denied, the City never requested a super-sedeas pending an appeal of the April 25 order.[2] Instead, the City paid the sanction on May 12, without ever requesting that the circuit court issue a supersedeas, hold the check pending resolution of an appeal of the April 25 order, or anything else. It simply paid the penalty. It is evident that the payment wa's intended as a resolution of the ■ matter, as the City, immediately upon making the payment, requested that the circuit court cancel the show-cause hearing as moot. The City voluntarily paid the penalty in order to avoid a contempt finding; however, the attempt was unsuccessful. In sum, the payment by the City was voluntary, and the appeal from the April 25, 2016 order is accordingly dismissed as moot,[3]. The City also challenges the May 20 order finding it in contempt. That order found the City in contempt for failing to timely pay the Rule 11 penalty and stated that the City |fleould purge itself of the contempt by requiring the city attorney to obtain additional continuing-legal-education credits. The contempt was civil in nature, as the City could purge itself of the contempt by performing the act specified by the circuit court. See Ark. Dep’t of Health and Human Servs. v. Briley, 366 Ark. 496, 237 S.W.3d 7 (2006).[4] Our standard of review in civil contempt proceedings is whether the finding of the circuit court is clearly against the preponderance of the evidence. Omni Holding & Dev. Corp. v. 3D.S.A., Inc., 356 Ark. 440, 156 S.W.3d 228 (2004). The April 25 order required the City to pay the $10,000 penalty within ten calendar days. It is undisputed that the City did not pay the penalty until May 12, 2016, which was more than ten calendar days after the April 25 order had been entered. In arguing that the May 20 order should be reversed, the City argues that the circuit court failed to comply with the requirements of Rule 11 in imposing the sanction in the April 25 order.[5] The City presents no argument that would allow us to reverse the May 20 order that is independent of the April 25 order. However, where a party is held in contempt for failure or refusal to abide by a judge’s order, the reviewing court will not look behind the order to determine whether it is valid. Conlee v. Conlee, 370 Ark. 89, 97, 257 S.W.3d 543, 551 (2007).[6] Further, as discussed above, the, City’s appeal from the April 25 order was mooted by its payment of the penalty. Because the City clearly failed to abide by the April 25 order of the circuit court and we cannot review that order as a result of the City’s paying the penalty, the finding of contempt was not clearly against the preponderance of the evidence. The May 20, 2016 order is affirmed.[7] Affirmed in part; dismissed in part. Kemp, C.J., and Baker, J., concur. Hart, J., dissents. . In stating that the payment of the penalty does not render the appeal from the April 25 order moot, the dissent cites Thompson v. State, 2016 Ark. 383, 503 S.W.3d 62. In that case, an attorney appealed from a contempt sanction of one day in jail after he had served his sentence, Thompson involved the conviction of an attorney for contempt, which served as the basis for this court's holding that the completion of his sentence did not moot his subsequent appeal, and is thus inapplicable to the case at bar. . Although the April 25 order was not directly appealable, see Asset Acceptance, LLC v. New-by, 2014 Ark. 280, 437 S.W.3d 119, we note that the City never attempted to file a petition for extraordinary writ or take any action to obtain, review of the April 25 order prior to paying the penalty. ..The dissent contends that the appeal from the April 25 order is not moot because the circuit court lacked the authority to impose the Rule 11 sanction. The issue of subject-matter jurisdiction in this instance does not affect mootness, however, because the argument regarding subject-matter jurisdiction is that the circuit court lacked the authority to impose a monetary sanction, not that the circuit court lacked the authority to impose any sanction under Rule 11. Thought of in terms of a criminal conviction, the point can be explained as follows: if a conviction is obtained in excess of the court's subject-matter jurisdiction, the fact that the sentence has already been served potentially does not moot the issue because the conviction itself still remains; however, if the allegation is that the sentence, and not the conviction, is what makes the court’s action illegal, the fact that the sentence has already been served renders the argument moot. See Bradford v. State, 2011 Ark, 494, 2011 WL 5588934 (per cu-riam) (holding that a challenge to a sentence that had already passed was moot). Likewise, here, the fact that the penalty has been paid renders any argument that the circuit court lacked the authority to impose that particular penalty moot. . The May 20 order states that "the defendant City of Little Rock may cure its contempt of court” by requiring the City Attorney to attend the specified continuing-legal-education classes and, in so doing, avoid having its answer to Malone’s complaint struck. . The dissent makes the argument that there is no basis for a contempt citation against the City Attorney because he .was not personally responsible for anything that occurred. First, the City made no such argument to this court. An appelláte court will not make a party's argument for them or consider an argument that is not properly developed, Teris, LLC v. Chandler, 375 Ark. 70, 289 S.W.3d 63 (2008). Second, the City Attorney was not held in contempt; the City was. The May 20 order states that the City can cure its contempt by requiring the City Attorney to complete the continuing-legal-education hours. .The dissent refers to the citation to Conlee as a “gross error of law.” The dissent has apparently failed to grasp why the citation is present. We agree that the City appealed from both the April 25 order and the May 20 and that Conlee involved an unappealed divorce decree. However, the appeal from the April 25 order was mooted by the payment of the penalty, as discussed above. Conlee is applicable because, the appeal from • the April 25 order having been mooted by the City’s voluntary action, the holding in that case explains why the appeal from the May 20 order does not provide an independent basis for this court to review the April 25 order. . While the dissent chooses to baselessly accuse us of failing to discharge our duties by rendering our decision, we would endeavor to remind the dissent, again, that the City chose to pay the $10,000 penalty instead of seeking appellate review. It created the circumstance that mooted its appeal from the April 25 order. It also chose to present arguments regarding the May 20 order that do not permit reversing it independent of the April 25 order. Being this state’s highest court does not imbue us with the authority to simply do as we please, heedless of the facts and arguments presented.