PHILLIP T. WHITEAKER, Judge
John and Darlene McGraw appeal a Newton County Circuit Court order granting Richard Crowden, Jr., and Jane Crowden a road across their property. We reverse the circuit court's order without reaching the merits of the McGraws' claims, because the circuit court lacked the jurisdiction to enter it.
The underlying facts are not in dispute. The Crowdens own certain real property in Newton County, Arkansas. The Crowden property is bounded on three sides by the Ozark National Forest. The remaining side abuts property owned by the McGraws. Claiming their property was landlocked, the Crowdens initially filed suit in the Newton County Circuit Court seeking a prescriptive easement for an access road across the McGraw property. The circuit court denied this claim, and the Crowdens did not appeal that decision. Instead, the Crowdens filed an action for a private road. Pursuant to Arkansas Code Annotated sections 27-66-401 et seq.,[1] the Crowdens filed their claim for a private road in the county court of Newton County. The McGraws were served and filed their answer. The county court took no action whatsoever on the claim because the parties agreed to have the matter heard by the Newton County Circuit Court. The Crowdens filed a notice of appeal to the Newton County Circuit Court and requested that the matter be assigned to Judge Gordon Webb.[2]
On August 16, 2017, the Newton County Circuit Court entered a judgment in favor *890 of the Crowdens. The McGraws appeal the circuit court's order, claiming four separate errors.
We cannot reach the merits of the McGraws' claims because the circuit court was without jurisdiction to entertain the petition. Article 7, section 28 of the Arkansas Constitution taken together with Arkansas Code Annotated sections 27-66-401 to -404 gives the county court the power of eminent domain to allow access to landlocked tracts. Yates v. Sturgis , 311 Ark. 618, 621, 846 S.W.2d 633, 634 (1993). Pursuant to Arkansas Code Annotated section 27-66-401(a)(1), a landlocked property owner must seek relief in the county court. If the county court determines that the circuit court has jurisdiction over the matter, the county court may stay the proceedings or dismiss the case without prejudice to be refiled within one year of dismissal. Ark. Code Ann. § 27-66-402(a)(2). Here, the Crowdens sought relief in the county court pursuant to Arkansas Code Annotated section 27-66-401(a)(1). The county court, however, never ruled on their claim, nor did it issue a stay or dismiss the proceedings pursuant to Arkansas Code Annotated section 27-66-402(a)(2).[3] Instead, the parties attempted to invoke the circuit court's appellate jurisdiction by filing a notice of appeal in the Newton County Circuit Court.
Arkansas Code Annotated section 27-66-403(b)(1) states that "[e]ither party may appeal to the circuit court from the final order or judgment of the county court within thirty (30) days from the entry of the order and not thereafter." Upon proper appeal, the circuit court conducts a de novo review of the county court's action. Ark. Code Ann. § 27-66-403(b)(2). The circuit court's jurisdiction, however, is appellate, not original. Here, the county court never entered a final order or judgment. Because no action was ever taken by the county court, there was no final order or judgment from which an appeal could have been taken.[4] Thus, the circuit court's assumption of appellate jurisdiction in this matter was clearly inappropriate.
It is well settled that the parties to an action may not confer subject-matter jurisdiction on a court. City of Little Rock v. Circuit Court of Pulaski Cty. , 2017 Ark. 219, 521 S.W.3d 113 ; Vanderpool v. Fid. & Cas. Ins. Co. , 327 Ark. 407, 939 S.W.2d 280 (1997). A court that acts without subject-matter jurisdiction or in excess of its jurisdiction produces a result that is void and cannot be enforced. Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs.,Inc. , 2011 Ark. 501, 385 S.W.3d 797. Moreover, when a circuit court lacks jurisdiction, we do not acquire jurisdiction on appeal. City of N. Little Rock v. Pfeifer , 2017 Ark. 113, at 4, 515 S.W.3d 593, 596 ; Barrows v. City of Fort Smith , 2010 Ark. 73, 360 S.W.3d 117 ; Vanderpool, supra.
Based on our determination that the circuit court lacked jurisdiction to decide the matter, the underlying judgment of the circuit court is void. Accordingly, we vacate the order of the circuit court, dismiss the appeal, and remand to the county court for further proceedings.
Appeal dismissed; order vacated; and remanded to county court for further proceedings.
Klappenbach and Hixson, JJ., agree.

(Supp. 2017).

Judge Webb had presided over the previously litigated prescriptive-easement case between the parties.

We further note that there is nothing in the record to indicate that original jurisdiction of the circuit court was implicated.

The notice of appeal filed in the circuit court did not designate from what order the appeal was being taken.