Cite as 2024 Ark. App. 404

# ARKANSAS COURT OF APPEALS
## DIVISIONS I & II
### No. CV-23-379

| | |
|---|---|
| GREENNECKS LAWN SERVICES LLC D/B/A GREENNECKS LANDSCAPE MANAGEMENT LLC; AND JOSEPH SWAYZE, IN HIS INDIVIDUAL CAPACITY<br><br>APPELLANTS<br><br>V.<br><br>STEPHEN LEWIS<br><br>APPELLEE | Opinion Delivered September 4, 2024<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-22-1295]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Appellants are Joseph Swayze, in his individual capacity (Swayze), and Greennecks Lawn Services LLC d/b/a Greennecks Landscape Management LLC (the LLC). Swayze is the president and sole member of the LLC. Swayze and the LLC appeal four orders of the Faulkner County Circuit Court: an order denying a motion for extension of time to answer (MET), an order and an amended order granting appellee Stephen Lewis (Lewis) a default judgment on his complaint, and an order denying a motion to set aside the default judgment. Appellants raise four points on appeal: (1) the circuit court erred in finding that the MET was filed outside the initial thirty days that appellants had to respond to the complaint; (2) the "for cause" standard set forth in Arkansas Rule of Civil Procedure 6(b)(1) was clearly met; (3) the circuit court had no discretion under Arkansas Rule of Civil Procedure 55(c) to enter default judgment against Swayze when he otherwise defended by filing the MET

prior to the time prescribed for responding to the complaint; and (4) the attorney's fees award and damages award must be vacated because they are not sufficiently supported by the record. We affirm.

## I. *Background*

On July 21, 2022, appellants sent Lewis a ten-day notice of intent to file a lien. The lien was in connection with payment for services and materials that Lewis had hired the LLC to provide. On August 27, appellants were served with a letter from Lewis demanding that appellants withdraw the ten-day lien notice and pay Lewis for damages he alleged he had incurred due to the LLC's incomplete and unsatisfactory services, or Lewis would file suit. On October 13, Lewis filed a petition for discharge of notice of lien and complaint against Swayze and the LLC. Swayze and the LLC were both served with the complaint on October 26. On November 28, the MET was filed. It requested an additional thirty days to "move, plead or otherwise respond" to Lewis's complaint in order to "look[ ] for an attorney who can assist in this case."

On November 30, 2022, the circuit court entered an order denying the MET. The order stated that the MET "lacks good cause as it was filed after the 30 days to respond, and the motion was made on behalf of the LLC." On December 15, an objection to the denial of the MET was filed. It stated that "the defendant filed for Joseph Swayze and on behalf of llc," invoked Arkansas Rules of Civil Procedure 4 and 9, and argued that the MET was filed under the allotted time, and securing legal counsel constituted "good cause."

That same day—December 15—Lewis moved for default judgment. He alleged that both appellants had been properly and timely served; that both had failed to appear or

2

otherwise defend in the time and manner required by law; and that he was entitled to a default judgment against both as well as attorney's fees and costs. Neither appellant responded to the motion for default judgment. On December 21, 2022, a default judgment was entered against appellants, jointly and severally. The judgment set forth that appellants had failed to appear or otherwise defend the complaint against them in the time and manner provided by law; and it awarded Lewis $33,623.16 plus 10 percent interest in damages and unspecified attorney's fees and costs. On December 27, 2022, the circuit court entered an amended default judgment that was substantively the same as the December 21 default judgment, save that it specified that $3362.32 was awarded in attorney's fees, and $374 was awarded in costs.

On January 10, 2023, appellants—for the first time by counsel—filed a motion to set aside the default judgment pursuant to Arkansas Rule of Civil Procedure 60.[1] That motion set forth that an attempt was made to file the MET on Wednesday, November 23, 2022, but the clerk's office had closed early for the Thanksgiving holiday and remained closed until the following Monday—the 28th—which is when the MET was filed. The motion to set aside asserted that the MET was timely filed because Rule 6(b) permits an enlargement of time "where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause." The motion to set aside argued that neither the MET nor an answer could have been filed prior to the November 25 deadline due to the closures; thus, the full measure of time to respond was not provided. The motion further stated that the

---

[1]We note that neither appellant has challenged service, the summons, or the date on which they were served. We further note that neither appellant ever filed a responsive pleading.

judgment was highly prejudicial, and the only way to correct the miscarriage of justice was to set aside the judgment and permit time to file an answer.

On January 18, 2023, Lewis responded to the motion to set aside. The response recognized that an answer had not been due from appellants until November 28, 2022. Nevertheless, Lewis asserted that Rule 12 requires an answer within thirty days; that this did not occur; that appellants "have been involved in multiple lawsuits prior to the filing of this matter" and "were aware of and accustomed to the legal process"; that appellants have had since August 27, 2022—the day the demand letter was served—to involve an attorney and did not do so until January 10, 2023; that looking for an attorney was not "sufficient cause"; and that appellants' failing "to attend to business in a timely manner" was not an acceptable reason or excuse for setting aside a default judgment. Lewis further argued that Swayze, individually, did not file an MET, and the filing of the MET by the LLC only did not automatically extend the time to file an answer. Lewis also argued that the default judgment was not a mistake or miscarriage of justice; rather, it was appropriate, and to set it aside would prejudice him.

On February 10, 2023, the circuit court entered an order denying the motion to set aside. In the order, the circuit court acknowledged "that Ark. R. Civ. P. 6(b) allows for an enlargement of time to file an answer upon cause shown," but the court found that appellants "failed to show sufficient cause for granting an extension." The court further denied the motion "pursuant to the reasons set forth in Lewis's response to the motion to set aside." This timely appeal followed.

## II. *The LLC*

Although there are two parties on appeal, appellants' arguments pertain to only Swayze. However, because the notice of appeal was filed on behalf of both Swayze and the LLC, we briefly address the LLC. The circuit court found that the MET was filed on behalf of the LLC. It is well-settled law that "a corporation can only represent itself in connection with its own business or affairs in the courts of this state through a licensed attorney." *DeSoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, at 5, 531 S.W.3d 396, 400. The record does not reflect that the LLC was represented by a licensed attorney or that Swayze is a licensed attorney. Our supreme court has repeatedly held "that when a person not licensed to practice law in this state attempts to represent the interests of others by submitting . . . to the jurisdiction of a court, the pleadings filed by that person are rendered a nullity." *Id.* at 8, 531 S.W.3d at 402; *see also* Ark. Code Ann. § 16–22–211(a) (Supp. 2023). Thus, the MET was a nullity, and any appellate arguments on behalf of the LLC—though there appear to be none—must fail because they rise and fall with its argument that it "otherwise defend[ed]" by filing the MET. Accordingly, we affirm the denial of the MET, the grant of the default judgment, and the denial of the motion to set aside the default judgment with respect to the LLC.

## III. *Swayze*

### A. Timing of the MET

The first point on appeal is that the circuit court erred in finding that the MET was filed outside the initial thirty days that appellants had to respond to the complaint. When reviewing how a circuit court has interpreted an Arkansas Rule of Civil Procedure, the

standard of review applied is de novo. *Gatson v. Billings*, 2011 Ark. 125, at 3. Appellants are correct that the MET was filed within the thirty-day deadline to file an answer. Swayze and the LLC were both served with the complaint on October 26. Thus, their respective answers were due on Friday, November 25. But because the clerk's office was closed that day due to the Thanksgiving holiday, the answers were not due until the following Monday— November 28—which is when the MET was filed. *See* Ark. R. Civ. P. 6(a). Accordingly, we hold that the MET was filed within the thirty-day deadline to file an answer, and the circuit erred in finding otherwise. However, our holding is not outcome determinative for the reasons set forth below.

## B. The MET and the Rule 6(b) Standards

In their second point, appellants contend that the MET satisfied the "for cause" standard found in Arkansas Rule of Civil Procedure 6(b)(1) and request that we reverse the circuit court's finding otherwise. Appellants make multiple arguments in support of this point: (1) we have interpreted Rule 6(b)(1) permissively in favor of granting extensions; (2) the circuit court's denial of the MET is at odds with the main goal of Rule 6(b)(1), which is to ensure that cases are decided on their substance and facts, not on technicalities; and (3) the circuit court should have granted the timely filed MET because there is no evidence that Swayze acted in bad faith or that the granting of the MET would prejudice Lewis.

Arkansas Rule of Civil Procedure 6(b) provides:

> When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit

6

the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause . . . .

The MET itself simply requested additional time "to move, plead or otherwise respond to the Plaintiff's complaint" in order to look for an attorney. The objection to the denial of the MET argued that the MET was timely filed and that securing legal counsel constituted "good cause," specifically invoking Arkansas Rules of Civil Procedure 4 and 9. Appellants' motion to set aside the default judgment—filed by counsel—argued that the MET was "timely according to Ark. R. Civ. P. 6(b), which allows for an enlargement of time where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause." While the motion did not specify whether appellants were relying on 6(b)(1) or 6(b)(2), the motion's language sets forth the standard found in 6(b)(2)— not 6(b)(1), which is the standard argued on appeal.

To preserve an issue for appeal, an appellant must specifically raise the argument relied on to the circuit court, develop the argument there, and obtain a ruling on the argument. *McFadden-Gregory v. Johnson*, 2023 Ark. App. 100, at 6. The failure to do so precludes appellate review. *Id.* at 6–7. Parties are bound by the scope and nature of arguments made at the circuit court level. *Garrison v. Hodge*, 2018 Ark. App. 556, at 12, 565 S.W.3d at 116. Pro se litigants must follow the rules of civil procedure and are held to the same standards as attorneys. *Lucas v. Jones*, 2012 Ark. 365, at 8, 423 S.W.3d 580, 585.

No argument was made to the circuit court regarding our past interpretation of Rule 6(b)(1), its goals, whether Swayze acted in bad faith, or whether the grant of the MET would prejudice Lewis. As a result, there are no rulings by the circuit court addressing such arguments. Therefore, none of these appellate arguments are preserved, and we are

7

precluded from entertaining them. Accordingly, we decline to reverse the circuit court's denial of the MET.

### C. The Default Judgment and the Motion to Set Aside

The third point on appeal attacks the entry of default judgment and the denial of the motion to set aside the default judgment. Appellants argue that the circuit court had no discretion under Arkansas Rule of Civil Procedure 55(a) to enter default judgment against Swayze individually when he "otherwise defended" by filing a pro se MET prior to the time prescribed for responding to the complaint. Appellants request that we reverse the circuit court's grant of the motion for default judgment and the denial of the motion to set aside. We decline to do so.

The motion to set aside was made pursuant to Arkansas Rule of Civil Procedure 60. On appeal, appellants argue for the first time that Rule 55 mandates reversal. Because appellants did not raise or develop this argument to the circuit court, we have no ruling to review. Thus, the appellate argument is unpreserved. *See McFadden-Gregory*, *supra*; *Garrison*, *supra*. Moreover, appellants' Rule 55 argument is fundamentally flawed because it assumes that the MET was filed by Swayze. But, as found by the circuit court and pointed out by appellee, the MET was filed on behalf of the LLC—not Swayze. No argument to the circuit court was developed otherwise, and no preserved argument regarding who filed the MET is made to this court.[2] Accordingly, we affirm the entry of the amended default judgment and the denial of the motion to set aside.

---

[2]Appellee's response to the motion to set aside is replete with references to the MET being filed by the LLC only; the record does not reflect any attempt to reply to that response or clarify on whose behalf the MET was filed at that juncture. Appellee once more raises

The dissent would hold that the circuit court clearly erred in finding that the MET was filed on behalf of the LLC only and abused its discretion in denying the MET as to Swayze. In arriving at that conclusion, the dissent identifies the issue of who filed the motion as one requiring the court to interpret our rules of civil procedure, thus dictating a de novo standard of review. *See, e.g.*, *Mullenix v. Mayberry*, 2023 Ark. App. 139, at 4. Under that standard, the dissent engages in an analysis of Arkansas Rules of Civil Procedure 1, 7, 8, 10, and 11, ultimately reasoning that when the MET is liberally interpreted, as required by precedent, the MET was filed on behalf of both the LLC and Swayze. The dissent then concludes that because Swayze filed the MET to seek legal counsel, Rule 6(b)(1)'s "for cause" standard was met. Accordingly, the dissent would reverse the denial of the MET and remand to permit Swayze to file an answer.

The dissent's approach and analysis—while well reasoned—is not found within the circuit court record or the briefs. An appellate court will not make a party's argument for it or consider an argument that is not properly developed, and the reviewing court will not look behind the order to determine whether it is valid. *See, e.g.*, *City of Little Rock v. Cir. Ct. of Pulaski Cnty.*, 2017 Ark. 219, 521 S.W.3d 113. There were no arguments made or developed to the circuit court regarding Arkansas Rules of Civil Procedure 1, 7, 8, 10, or 11 or the liberal construction thereof. While appellants do cite Rule 1 in support of their argument that Rule 6 is to be construed liberally in their brief, that argument is that the

_____

the issue of who filed the MET in his brief, to which appellants reply. However, it is axiomatic that a party cannot raise a new argument for the first time on appeal or when there has been no ruling by the circuit court, let alone raise a new argument for the first time in a reply brief. *McCourt Mfg. Corp. v. Rycroft*, 2010 Ark. 93, at 11, 360 S.W.3d 138, 144.

9

circuit court erred in not construing the MET liberally with respect to the cause provided for the extension request—not who made the request. Thus, the issue of who filed the MET is not properly preserved for our review, and we are left with the undisturbed finding by the circuit court that the MET was filed on behalf of the LLC. *See McFadden-Gregory*, *supra*.

Findings of fact will not be reversed unless they are clearly erroneous. *Unimeks, LLC v. Purolite*, 2012 Ark. 20, at 4, 386 S.W.3d 419, 422. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Alcoa World Alumina, L.L.C. v. Weiss*, 2010 Ark. 94, at 3, 377 S.W.3d 164, 166. Even if the issue of who filed the MET was preserved, we would also affirm the circuit court's finding that the MET was filed on behalf of the LLC only in light of that standard. To do so does not elevate form over substance, as maintained by the dissent.

The substance of the MET—found in its body—is a request for more time, as reflected by both the substance and title. Generally, in our cases discussing the elevation of form over substance, there is a conflict between the title and the substance of the motion itself. *See, e.g.*, *Dodge v. Lee*, 352 Ark. 235, 238, 100 S.W.3d 707, 710 (2003). On whose behalf the motion is filed is something altogether different. Swayze signed the MET three times. The first signature appears in the caption. The caption is not substantive. *See, e.g.*, Ark. R. Civ. P. 10(a) (providing in part that "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the case number and a designation as in Rule 7(a)." Were the outcome of this case to rise and fall with the case caption—or some

portion thereof—we would be in sharp conflict with our caselaw that cautions us not to elevate form over substance.

The other two signatures are on the certificate of service. An attorney's signature on a certificate of service is evidence of nothing more than a generic representation that a document has been served on other parties. It is not an affirmation of the substance of the foregoing document, and pro se parties are to be held to the same standards as attorneys. *See Lucas*, *supra*. As to the plural references in the MET, they are in the nature of "defendant(s)." The body of the motion—its substance—specifically states, "Defendant(s), GREENNECKS LAWN SERVICE, LLC, propose . . . ." It does not reference Swayze, individually, at all. The body also reflects that the motion was submitted on behalf of only the LLC.

It is not for this court to liberally construe the MET at issue. Rather, were the issue preserved, our task would be to determine whether the circuit court erred in finding that the MET was filed on behalf of only the LLC. Because we are not left with a firm conviction that a mistake was made in that regard, we hold that the circuit court did not err in finding that the MET was filed on behalf of the LLC.

### D. Damages & Attorney's Fees

The fourth and final point on appeal argues that the damages and attorney's fees awarded were not sufficiently supported by the record. Our standard of review of a circuit court's award of damages is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Ascentium Cap. LLC v. Marshall*, 2023 Ark. App. 236, at 8, 666 S.W.3d 866, 872. We review an award of attorney's fees for an abuse of discretion. *Piping Indus. Co. v. Future Fuel Chem. Co.*, 2013 Ark. App. 549, at 4.

11

Appellee's request for damages, attorney's fees, and costs was contained in his motion for default judgment. Support for those requests was contained within appellee's affidavit attached to that motion. Appellants failed entirely to respond to that motion. The default judgment and amended default judgment awarded damages, attorney's fees, and costs. The amended default judgment was challenged by the motion to set aside. However, the motion did not argue that the damages, attorney's fees, or costs awarded were not sufficiently supported by the record. Thus, these arguments are not preserved for our review. *See McFadden-Gregory*, *supra*; *Garrison*, *supra*.

For the reasons set forth herein, we affirm the denial of the MET, the denial of the motion to set aside, and the grant of the amended default judgment in its entirety.

Affirmed.

ABRAMSON, THYER, and BROWN, JJ., agree.

BARRETT and WOOD, JJ., dissent.

**WENDY SCHOLTENS WOOD, Judge, dissenting**. The majority erroneously concludes that appellant Joseph Swayze did not file a motion for extension of time to answer.[1] The record establishes that Swayze moved for an extension of time and preserved his argument for review.

---

[1]There are two appellants in this case: Swayze and Greennecks Lawn Services LLC d/b/a Greennecks Landscape Management LLC. I agree with the majority's disposition of the LLC's appeal. The LLC may be represented only through a licensed attorney, and because Swayze is not a licensed attorney, he cannot represent the LLC. Accordingly, the motion for extension of time to answer that Swayze filed on behalf of the LLC is a nullity, and the three orders entered by the circuit court against the LLC must be affirmed.

On November 28, 2022, within the time allotted to file a responsive pleading to Stephen Lewis's complaint, Swayze filed a pro se motion for an extension of time on behalf of the LLC and on behalf of himself seeking an additional thirty days to "move, plead or otherwise respond" in order to find an attorney to "assist in this case." However, the circuit court found that only the LLC filed the motion for an extension of time—not Swayze individually. This erroneous finding was the premise of the court's subsequent orders (1) denying Swayze an extension of time to file a responsive pleading, (2) finding Swayze in default because he did not appear or otherwise defend against Lewis's complaint, and (3) refusing to set aside the default judgment. In my view, the circuit court's finding that Swayze did not move for an extension of time is clearly erroneous.[2]

Motions are governed by Arkansas Rules of Civil Procedure 7, 10, and 11, which require a motion to (1) be in writing, state with particularity the grounds, and set forth the relief or order sought; (2) have a caption that states the name of the first party on each side with an appropriate indication of other parties; and (3) in pro se cases, be signed by the self-represented party. Ark. R. Civ. P. 7(b)(3), 10(a), 11(a) (2023). Pro se litigants must follow the rules of civil procedure and are held to the same standards as attorneys. *Lucas v. Jones*, 2012 Ark. 365, at 8, 423 S.W.3d 580, 585.

---

[2]In order to determine who filed a motion, the court must interpret the rules and make findings of fact. The construction of a court rule is a question of law, which we review de novo. *Mullenix v. Mayberry*, 2023 Ark. App. 139, at 4, 662 S.W.3d 691, 694. We will only overturn a circuit court's findings of fact if they are clearly erroneous or clearly against the preponderance of the evidence. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Alcoa World Alumina, L.L.C. v. Weiss*, 2010 Ark. 94, at 3, 377 S.W.3d 164, 166.

Here is Swayze's motion:

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2022-Nov-28 09:47:21
23CV-22-1295
C20D01 : 2 Pages

THE CIRCUIT COURT OF FAULKNER
COUNTY, ARKANSAS
20th  Circuit Division 1

*CASE NO: 23CV-22-1295

STEPHEN LEWIS
Plaintiff
-vs-*
GREENNECKS LAWN SERVICE, LLC
Defendant

*Motion* MOTION FOR EXTENSION OF
*TIME TO ANSWER

*  JOSEPH SWAYZE
_____  *
Defendant(s), Pro Se.*

Defendant(s), GREENNECKS LAWN SERVICE, LLC, propose, respectfully request(s) an order granting defendant(s), pro se, an additional 30 days in which to move, plead or otherwise respond to the Plaintiff's Complaint. I (we) am (are) looking for an attorney who can assist in this case.

Opposing Counsel attorney  has been properly notified of this request; via CERTIFIED mail, Zachary L. Nicholson, P.O. Box 5551, North Little Rock, AR

Respectfully submitted,
JOSEPH SWAYZE, MANAGING MEMBER, GREENNECKS LAWN SERVICE, LLC,
Defendant, pro se

CERTIFICATE OF SERVICE

This is to certify that a copy of this request for an extension of time to answer has been sent by ordinary United States Mail this November ___23___ day of 2022 to:

Zachary L. Nicholson, P.O. Box 5551 North Little Rock, AR

_____
Defendant, Pro Se (Signature)

_____, pro seDefendant, pro se

14

While hardly a model of legal drafting, it is clear that Swayze—individually—met the requirements under our rules of civil procedure and properly moved for an extension of time to answer on his own behalf. Swayze's motion is in writing; states with particularity the grounds; sets forth the relief requested; has a caption, including Swayze's name as a pro se defendant; and is signed by Swayze as a pro se defendant. The body of the motion refers to the "defendants"—plural—three times. The substance of the motion is clear: Swayze and the LLC collectively are seeking additional time to respond to Lewis's complaint because "I (we) am (are) looking for an attorney who can assist in this case."

In concluding that Swayze did not file this motion on his own behalf, the majority has exalted form over substance, which we do not do. *Nettles v. City of Little Rock*, 96 Ark. App. 86, 91–92, 238 S.W.3d 635, 639 (2006) (stating that the supreme court has admonished us to not exalt form over substance). Further, it is illogical to conclude that Swayze—after he was named as an individual defendant in this lawsuit and was separately served—would file a motion for an extension of time to answer on behalf of the LLC and not for himself.

Moreover, our judicial canons and rules of civil procedure remind us of the importance of construing and administering our rules in a fair and just manner. For example, Rule 2.2(B) of the Code of Judicial Conduct provides that a judge may make reasonable accommodations, consistent with the law and court rules, to facilitate the ability of all litigants to be *fairly heard*. Ark. Code Jud. Conduct R. 2.2 (2023) (emphasis added). One of the comments to this canon is especially insightful:

> [4] The growth in litigation involving self-represented litigants and the responsibility of courts to promote access to justice warrant reasonable flexibility by judges,

15

consistent with the law and court rules, *to ensure that all litigants are fairly heard*. Examples of accommodations that may be made include but are not limited to . . . (2) *liberally construing pleadings to facilitate consideration of the issues raised* . . . .

Ark. Code Jud. Conduct R. 2.2 cmt. [4](2) (emphasis added).

Arkansas Rule of Civil Procedure 1 states that the rules of civil procedure "shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Ark. R. Civ. P. 1 (2023). Finally, and of particular import here, Rule 8(f) states that all pleadings shall be "liberally construed so as to do substantial justice." Ark. R. Civ. P. 8(f) (2023). Our supreme court requires that this same liberal construction shall be applied to motions. *Cornett v. Prather*, 293 Ark. 108, 111, 737 S.W.2d 159, 160 (1987).

Although pro se litigants must follow the rules pursuant to the same standards as attorneys, the rules themselves require liberal construction of pleadings and motions. The majority's reasoning glosses over this construction and brings to mind the adage of making the "perfect the enemy of the good." In this case, Swayze's motion for extension of time to answer was sufficient to state with particularity the timely extension that he sought. Therefore, I am left with a firm conviction that an error has been committed, and I would hold that the circuit court clearly erred in finding that Swayze individually did not move for an extension of time to answer.

The majority concludes that the issue of whether Swayze filed the motion for extension of time to answer "is not found within the circuit court record or briefs" and, therefore, is not preserved for appeal. I disagree.

It is well settled that an appellant must raise an argument below *and* obtain a ruling on it to preserve the issue for appellate review. *Peck v. Peck*, 2019 Ark. App. 190, at 11, 575

S.W.3d 137, 144 (emphasis in original). In the circuit court's order denying Swayze's motion for extension of time, the court found that the motion was filed on behalf of the LLC only. Swayze challenged that finding when he filed an "objection to denial of extension of time" two weeks later, stating that he filed the motion "for Joseph Swayze and on behalf of the LLC." Therefore, he raised his objection below. The circuit court ruled on Swayze's objection twice: (1) when it entered a default judgment against Swayze for failing "to appear or otherwise defend the complaint" and (2) when it entered an order denying Swayze's motion to set aside the default judgment, finding again that only "Greennecks filed the motion of extension of time" and that Swayze failed "to appear or otherwise defend the complaint." Because Swayze raised the issue and obtained a ruling, the issue is preserved.[3]

Having concluded that Swayze filed the motion for extension of time on his own behalf, I would further hold that the circuit court abused its discretion in denying Swayze's motion for extension of time to answer.[4] Contrary to the circuit court's findings, Swayze's motion was timely filed (as the majority admits), and "good cause" (which the circuit court required) is not the bar for relief under Rule 6(b)(1). Ark. R. Civ. P. 6(b).[5] Rather, the rule

---

[3]Both Swayze's original and reply briefs on appeal argue that he filed the motion for extension of time on his own behalf.

[4]We review a circuit court's denial of a motion for extension of time pursuant to Arkansas Rule of Civil Procedure 6(b) using an abuse-of-discretion standard. *The Logan Ctrs., Inc. v. Walker*, 2015 Ark. App. 687, at 2.

[5]In this case, (1) is the applicable subsection in the enlargement–of–time provision found in Rule 6(b) because it is undisputed that Swayze's motion for an extension of time to answer was filed "before the expiration of the period originally prescribed." Ark. R. Civ. P. 6(b)(1). Rule 6(b)(2) is applicable "upon motion made *after* the expiration of the specified period." Ark. R. Civ. P. 6(b)(2) (emphasis added).

provides that "[f]or cause shown," the circuit court may, in its discretion, grant a motion for an extension of time to file an answer. *Id.* The only guidance we have on this subsection of the rule is from *The Logan Centers, Inc.*, 2015 Ark. App. 687, at 5–6, in which we said that "the 'cause shown' standard of Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party," neither of which is apparent here.

Accordingly, I would reverse the circuit court's order denying Swayze's motion for extension of time to answer and remand his case for further proceedings.

BARRETT, J., joins.

*Table Law*, by: *Martha Ayres*, for appellants.

*Hilburn & Harper, Ltd.*, by: *Zachary L. Nicholson*, for appellee.