Elmer G. ROBINSON *v.* Freddie R. ROBINSON

CA 07-1250                                            287 S.W.3d 652

### Court of Appeals of Arkansas
### Opinion delivered September 24, 2008

*Debra J. Reece*, for appellant.

*Rice & Adams*, by: *Brian K. Woodruff*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. Appellee filed a complaint praying for a decree of divorce from appellant and stating that there were unspecified issues regarding marital property and debt to be adjudicated. Appellant filed an untimely answer. A hearing was scheduled, at which appellant appeared. Upon appellee's motion, a judgment of default was entered on the day of the hearing. However, although appellant was present at that hearing, the trial judge denied his request to cross-examine appellee and submit evidence relevant to the issues of marital property and debt. After entry of the default judgment, appellant filed a motion to vacate on the grounds that the trial court improperly refused to permit him to present evidence and cross-examine appellee on the issue of damages. The trial court denied the motion. On appeal, appellant argues that

the trial court erred in so doing. We agree, and we reverse and remand.

Initially, we note that appellant's motion to vacate was nominally based on Ark. R. Civ. P. 60. Appellee argues that the motion was of no effect because Ark. R. Civ. P. 55(c) is the only method for setting aside a default judgment. We do not agree that the motion was without effect. Although styled as a motion to vacate pursuant to Rule 60, appellant's motion expressly stated that he did not wish to set aside the judgment of divorce, but instead sought only to vacate the judgment "as to all issues except jurisdiction and grounds" and "hold a hearing wherein [both parties] may present evidence as to those vacated issues subject to cross-examination by each other." In effect, appellant was not seeking to have the default judgment set aside, but instead merely requested a new trial on the issues relating to damages because he had not been allowed to participate in the trial of those issues at the original hearing.

Appellant was entitled to participate in the hearing with respect to the amount of the monetary award sought by appellee. In Arkansas, a default judgment establishes the liability, but not the amount of damages. A hearing is required to determine the amount of damages, and the plaintiff is required to introduce evidence of the damages. *Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992). Except in cases where the claim is for a sum certain, where the party against whom judgment by default is sought has appeared in the action, default judgment may be entered by the court only after the defaulting party is given notice of a hearing on the issue of damages. Ark. R. Civ. P. 55(b). An "appearance" under this rule is any action on the part of a defendant, except to object to jurisdiction, that recognizes the case as in court. *Trelfa v. Simmons First Bank*, 98 Ark. App. 287, 254 S.W.3d 775 (2007).

Here, appellant's answer, although untimely, recognized the case as being in court and indicated a desire to defend, and therefore constituted an "appearance" for purposes of Rule 55(b). *See United States v. Time Equipment Rental & Sales, Inc.*, 983 F.2d 128, 130 (8th Cir. 1993). Furthermore, in cases where judgment is entered by default, a party is expressly precluded from obtaining any relief not demanded in his pleadings. Ark. R. Civ. P. 54(c). Here, the only relief requested by appellee was a decree of divorce and an adjudication of marital property and debt; no amount was specified. Thus, the marital property and debt award

necessarily exceeded in amount that which was prayed for in the demand for judgment. We recently held that it was an abuse of discretion for a trial court to refuse to permit a defendant in default from offering a defense as to damages when the defaulting defendant did not respond to the complaint but did appear at the hearing on damages. *Brooks v. Farmers Bank and Trust Co.*, 101 Ark. App. 359, 276 S.W.3d 727 (2008). We hold that the trial judge abused her discretion by refusing to allow appellant, who had appeared, to present a defense to the property division and debt claims, and we reverse and remand for retrial of those issues.

Reversed and remanded.

MARSHALL and HEFFLEY, JJ., agree.