Cite as 2019 Ark. App. 596

# ARKANSAS COURT OF APPEALS
## DIVISIONS II, III & IV
### No. CV-18-1062

| | | |
|---|---|---|
| | | **Opinion Delivered:** December 11, 2019 |
| ANGELA JONES | APPELLANT | APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45DR-17-171] |
| V. | | |
| JOHN E. JONES, JR. | APPELLEE | HONORABLE GORDON WEBB, JUDGE |
| | | REVERSED |

**PHILLIP T. WHITEAKER, Judge**

The Marion County Circuit Court entered a divorce decree dissolving the marriage of the appellant, Angela Jones, and the appellee, John E. Jones, Jr.; settling their property and debt issues; and awarding custody of their child, I.J., to John. Angela subsequently filed a motion to set aside the child-custody portion of the decree, which the court denied. She appeals the order denying her motion to set aside. For the following reasons, we reverse.

Angela and John were married in 2012. They have one child, I.J. On August 13, 2017, Angela alleged that John became drunk and aggressive; would not allow her to leave with their daughter; and threatened to kill them. After this incident, Angela and John separated, and Angela and the child moved to Alabama.

After the separation, the parties began a series of litigation that included jurisdictions in two states.[1] Shortly after moving to Alabama, Angela sought an order of protection against John based on the specifics of the August 13 incident. She further alleged, generically, that John had physically and sexually abused her in front of I.J. and that he had tried to physically and psychologically control her, including threats of suicide. She averred that he was irrational, thought the world was about to end, and wanted to "put [them] underground." The Alabama court granted an ex parte order of protection until November 15, 2017, when it was set for a hearing.

While Angela was in Alabama seeking an order of protection, John was in Arkansas seeking a divorce from bed and board. He filed his complaint on October 24, 2017. In it, he pled his status as I.J.'s primary caregiver, alleging that he was the fit and proper person to have full custody subject to Angela's right to visitation. On November 14, Angela filed for divorce from John in Alabama, alleging that she was the fit and proper person to have the actual custody of I.J. On November 15, at the hearing on the order of protection in the State of Alabama, both John and Angela were served with the competing divorce complaints.

Although properly served, Angela did not answer John's complaint for divorce within thirty days. John proceeded with a hearing on his complaint for divorce, was granted a divorce, and was awarded custody by default on January 31, 2018. The next day, Angela

---

[1]The parties each claim a different primary state of residence during the marriage. Angela contends that their primary state of residence was Alabama; John contends that it was Arkansas.

filed a pro se motion to dismiss John's complaint alleging that Arkansas did not have jurisdiction because she and John had married and maintained their domicile residency in Alabama. In response, John moved to strike Angela's motion to dismiss, noting that it was filed more than seventy-five days after the service of the complaint and noting that a divorce had already been entered.

With the benefit of counsel, Angela subsequently filed a motion to set aside the divorce decree under Rule 55 of the Arkansas Rules of Civil Procedure.[2] She first argued that the decree should be set aside under Rule 55(c)(1) due to excusable neglect. She admitted that she had been properly served; that when served, she promptly provided the papers to her Alabama counsel; and that she believed the Arkansas case would be handled because Alabama had primary jurisdiction over the matter. She maintained that this constituted excusable neglect sufficient to set aside the award of custody under Rule 55(c)(1). She also argued that the decree should be set aside under Rule 55(c)(4) (other reason justifying relief) because an award of custody involves a determination as to what is in the best interest of the child, and to allow a parent to lose custody of a child by default results in a serious miscarriage of justice. In support of her motion, Angela attached her petition for the Alabama order of protection, which detailed her abuse allegations; her

---

[2]Her motion also included arguments under Rule 60 of the Arkansas Rules of Civil Procedure. Her arguments on appeal do not address any Rule 60 arguments made below, and those arguments are, therefore, abandoned.

Alabama complaint for divorce; and an affidavit stating that both proceedings were ongoing.[3]

John responded, arguing that Angela was properly served yet failed to file a timely answer. He further argued that Angela was bound by the actions of her attorney and had, therefore, failed to show a mistake justifying the setting aside of the decree. John offered no response to Angela's Rule 55(c)(4) best–interest argument other than to argue that there are no Arkansas cases discussing default judgments in cases in which the best interest of children were involved.

The circuit court held a hearing on the motion to set aside default judgment in which it took testimony from Angela, which focused primarily on her failure to timely file her answer and whether her failure constituted excusable neglect. After hearing this testimony and the arguments of counsel, the circuit court noted that while it was uncomfortable determining custody of a child by default, there was no basis on which to set aside the default judgment. Angela, in this one-brief appeal, contends that the circuit court abused its discretion when it refused to set aside the default award of custody.

We begin our analysis by recognizing that pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, the circuit court may, upon motion, set aside a default judgment previously entered for the following reasons:

---

[3]At the hearing on the motion to set aside, John's counsel indicated that the "proceedings" in Alabama had been "denied and dismissed." There is no evidence of this in our record. Even if true, there is also no evidence in our record to indicate on what basis (whether substantive or procedural) the Alabama court made its decision, or whether the validity of her claims had been determined.

4

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) the judgment is void;

(3) fraud, misrepresentation, or other misconduct of an adverse party; or

(4) any other reason justifying relief from the operation of the judgment.

Ark. R. Civ. P. 55(c). In appeals concerning issues under sections (c)(1), (3), or (4) of Rule 55, we review the circuit court's granting or denial of a motion to set aside a default judgment for abuse of discretion. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004).

On appeal, Angela argues that default judgments are not appropriate when child custody is at issue and that the best interest of the child can serve as a basis for relief from a default judgment under Rule 55(c)(4). She asserts that this court should recognize a blanket exception to the default-judgment rule in child-custody cases. Angela admits that there is no Arkansas case specifically addressing the relationship between default judgments and a determination of the best-interest-of-the-child standard in child-custody cases. Instead, she cites cases from Florida and Maryland, which hold that default judgments are either not available in child-custody cases or that a full evidentiary hearing should be held to determine best interest in such cases. She argues that child-custody decisions require consideration of the best interest of the child and that a best-interest-of-the-child analysis necessarily requires the court to hear all evidence pertaining thereto; thus, a child-custody determination should not be entered by default. She urges us to adopt either the Florida or the Maryland approach.

We decline to adopt a blanket exception to the default-judgment rule in child-custody cases. We, however, agree with Angela that the circuit court abused its discretion

by denying her request to set aside the custody award pursuant to Rule 55(c)(4) because the need to consider the best interest of the child in this child custody case constituted an "other reason justifying relief." Ark. R. Civ. P. 55(c)(4).

Generally, we do not favor default judgments and promote their avoidance whenever possible. *B & F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). In 1990, the supreme court amended Rule 55 by making it more lenient and allowing more discretion to circuit courts in deciding whether to enter a default judgment, reflecting a preference for deciding cases on the merits rather than on technicalities. *Moore v. Taylor Sales, Inc.*, 59 Ark. App. 30, 953 S.W.2d 889 (1997).

Here, Angela argued the decree should be set aside for "other reason justifying relief." Her "other reason justifying relief" generically was the best interest of the child. In child-custody cases, the best interest of the children are of paramount importance. *Rogue v. Frederick*, 272 Ark. 392, 614 S.W.2d 667 (1981). We have long held that the primary consideration in child-custody cases is the welfare and best interest of the child and that all other considerations are secondary. *Grimsley v. Drewyor*, 2019 Ark. App. 218, 575 S.W.3d 636. Here, however, the circuit court's primary focus was on Angela's failure to file a timely response. Thus, Angela's technical failure became the primary consideration, and the best interest of I.J. became secondary—a complete perversion of the premise that our courts are concerned with the best interest of the child.

More specifically, Angela argued the decree should be set aside for "other reason justifying relief," and one of the reasons justifying relief was an allegation of domestic abuse. Our statutes mandate that the court must consider the effect of the abuse on the best interest

6

of the child when child custody is at issue. Ark. Code Ann. § 9-13-101(c)(1) (Repl. 2015). Our statute even creates a rebuttable presumption that it is not in the best interest of a child to be placed in the custody of an abusive parent if there is a pattern of domestic abuse. Ark. Code Ann. § 9-13-101(c)(2). We find nothing in our record to indicate that the circuit court considered Angela's abuse allegations when evaluating her motion to set aside the default judgment. We are not suggesting that the court was required to determine the truthfulness of the domestic-abuse claims at the hearing on the motion to set aside. Rather, the court was simply required to consider whether the allegations constituted "other reasons justifying relief." Here, the court failed to do so, which was error.

For the foregoing reasons, we hold that the default judgment on the issue of custody should have been set aside pursuant to Rule 55(c)(4)—other reasons justifying relief. We reverse the award of custody to John and remand to the circuit court for a hearing to determine custody based on the best interest of the child.

Reversed.

GRUBER, C.J., and HARRISON, SWITZER, VAUGHT, and MURPHY, JJ., agree.

ABRAMSON, VIRDEN, and GLADWIN, JJ., dissent.

**RAYMOND R. ABRAMSON, Judge, dissenting**.

> What has once been settled by precedent will not be unsettled overnight, for certainty and uniformity are gains not lightly to be sacrificed.[1]

---

[1]Benjamin N. Cardozo, *The Paradoxes of Legal Science*, 29–30 (1928).

I believe that the circuit court properly exercised its discretion when it declined to set aside the default judgment in this case, and I therefore dissent.

This is a case of first impression of the collision that occurs at the intersection of default-judgment law and the doctrine of best interest of children in custody cases. I applaud the noble goal of the majority in its quest to elevate the doctrine of best interest of the child over our well-established jurisprudence regarding the setting aside of a default judgment. But the factual background of this case does not warrant such a sea change. In any event, it is not the intermediate appellate court's role to create a new exception to the law of default judgments, particularly on the record and arguments now before us. Such a policy decision clearly should be a legislative prerogative.

This case came to us as a routine appeal of whether a default judgment should be set aside. It leaves us making wholesale changes in the way our courts will address default judgments in the future. The majority has carved out an exception in our law of default judgments not sanctioned by our supreme court or our legislature, ruling in a way that many would like the law to be rather than what the law actually is.

The majority holds that the circuit court abused its discretion by denying Angela's request to set aside the custody award pursuant to Arkansas Rule of Civil Procedure Rule 55(c)(4) because the need to consider the best interest of the child in this case constituted an "other reason justifying relief." The majority says that the "other reason justifying relief" was that John committed domestic abuse.

Today's decision defies logic. The claims of domestic abuse are wholly unsubstantiated. Although there had been a case pending in Alabama regarding an order of

8

protection, that case was dismissed. In fact, there were no findings at all as to whether John committed domestic abuse against Angela. In a footnote, the majority questions whether the protection proceedings in Alabama had been "denied and dismissed." The evidence of such was the statement of John's counsel, an officer of the court, which was not rebutted by Angela's counsel or questioned by the court. In any event, the Alabama ex parte order expired by its own terms on November 15, 2017, and Angela has sought no protection in our state courts. Moreover, the matters surrounding Angela's claims, as set forth in her Alabama petition for protection and later dismissed, were not even broached at the Arkansas hearing on the motion to set aside. For the majority to bootstrap these allegations into findings to support reversal is inexplicable. Angela's motion to set aside the default judgment contains mere allegations that defenses existed. She has offered no proof to support those allegations, and the naked allegation that a party has a meritorious defense does not warrant setting aside a default judgment. *See Adams v. Moody*, 2009 Ark. App. 474, 324 S.W.3d 348.

The fact that Angela's Alabama protection case was dismissed and no findings were made eviscerates the majority's use of Arkansas Code Annotated section 9-13-101(c)(1) and (2) (Repl. 2015) to support reversal. The majority further omits to mention that at the circuit court hearing on Angela's motion to set aside the default judgment, with both parties present and represented by counsel, there was no testimony whatsoever concerning domestic abuse. The abstract reflects that Angela's position was almost entirely focused on the excusable- neglect issue. Angela testified solely about the excusable-neglect issue and spoke not one word about domestic abuse, either on direct examination or on cross-examination. Nor did Angela call John as a witness to ask about abuse. Only after Angela

9

rested and the court heard arguments of counsel was the best-interest issue raised. Yet the majority hinges its decision on allegations of domestic abuse.

The majority seems to fault the circuit court that its primary focus was on the circumstances surrounding the default judgment but does not recognize that Angela's counsel made that issue the primary focus of his case. The best-interest argument was a mere afterthought.

There are no Arkansas cases that address Rule 55(c)(4) along with the best interest of the child. There is no Arkansas statute or controlling precedent that requires our courts to consider the best interest of the child or to analyze all evidence pertaining to the best interest in a child custody in a child custody default judgment context. Angela candidly concedes this point. Instead, she argues that this court should correct the great "paradox" that exists between default judgments and the best interest of the child by following decisions from courts in Florida and Maryland. Angela cites no convincing authority in support of her argument, and this court should decline to address it for that reason alone. *See Stilly v. Ft. Smith Sch. Dist.*, 367 Ark. 193, 238 S.W.3d 902 (2006). It is an appellant's burden to demonstrate and explain reversible error.

The majority by its decision today is sacrificing the stability of our long-settled default-judgment law to quixotically address what Angela perceives is a paradox. Cardozo cautioned us against such ventures long ago.

Despite the majority's belief that this decision will have little precedential effect, I believe that it will create an unholy minefield for practitioners. As a result of this decision, the time-tested standard language contained in Arkansas divorce complaints involving

custody will need to be entirely overhauled, and lawyers will be required to add factual allegations designed to prove that the respondent spouse is an unfit parent. Bifurcated hearings will become necessary in default cases.

Further, it is of paramount importance to recognize that the standard of review in this case is abuse of discretion. The abuse-of-discretion standard is "a high threshold that does not simply require error in the court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration." *Gulley v. State*, 2012 Ark. 368, at 10, 423 S.W.3d 569, 576. Here, it can fairly be said that the trial court did indeed consider the abuse allegations—the petition for protection and its ex parte order were part of the very short record before the court. The court specifically did consider Angela's Rule 55(c)(4) argument:

> [T]he Court could find no case that . . . any other reason justifying relief from the operation of the judgment. I respect Mr. Pasthing's argument, but . . . I just simply don't find, based on the testimony, that there is a basis to set aside this default judgment. I have that uncomfortableness that you know, that the idea of determining custody of a child by default, I think like any other Judge would, but in the circumstances of this case, the Court is going to . . . deny and dismiss the motion.

The majority states that they find nothing in the record to indicate that the circuit court considered Angela's abuse allegations, but the court clearly took it under consideration to the extent it was presented. As noted above, the court said it "respect[ed] [Angela's counsel's] argument," but it did not find, based on the testimony, that there was a basis to set aside the default judgment in this case. As such, I cannot say that the circuit court acted improvidently, thoughtlessly, or without due consideration when, after a full hearing, it declined to grant the motion to set aside the default judgment. The court followed well-settled law on setting aside default judgments, and its decision should be affirmed.

11

Accordingly, given our precedent and the standard of review, I would affirm the circuit court's order denying Angela's motion to set aside the default judgment.

VIRDEN and GLADWIN, JJ., join.

*Lancaster & Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

One brief only.