Cite as 2023 Ark. App. 236

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-21-460

|  |  |
|---|---|
| ASCENTIUM CAPITAL LLC<br>APPELLANT<br><br>V.<br><br>JAMES MARSHALL, INDIVIDUALLY<br>AND D/B/A YOUR FURNITURE<br>STORE<br>APPELLEE | **Opinion Delivered** April 26, 2023<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>FOURTH DIVISION<br>[NO. 60CV-18-7573]<br><br>HONORABLE HERBERT T.<br>WRIGHT, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Ascentium Capital LLC appeals the circuit court's denial of its motion to set aside a default judgment. Ascentium argues that the underlying complaint failed to allege facts to support a claim on which relief could be granted and that the amount of damages awarded is not supported by the evidence. We affirm the circuit court's order.

In October 2018, James Marshall, individually and d/b/a Your Furniture Store, commenced an action against Ascentium and Corey Bolton. According to the complaint, Ascentium is a business that sells credit-card machines and services to small businesses such as Marshall's furniture store, and Bolton is an agent, servant, or employee of Ascentium. The complaint alleged that Bolton had intentionally forged Marshall's signature to an agreement with the purpose of defrauding him, that the agreement was part of a conspiracy between Bolton and Ascentium, and that these actions resulted in "thousands of dollars" in

fraudulent charges on Marshall's account. Marshall served Ascentium's registered agent with a summons and copy of the complaint on 19 December 2018.

Ascentium filed no answer or responsive pleading in the circuit court within thirty days, so on 8 February 2019, Marshall moved for default judgment and requested a hearing on damages. On 21 August 2019, the circuit court convened a hearing and, after receiving testimony from Marshall, entered judgment for Marshall in the amount of $150,000 in compensatory damages and $450,000 in punitive damages plus $185 in costs, for a total of $600,185. On 31 December 2019, the circuit court dismissed Bolton from the action without prejudice after finding that he had not been served with a summons and complaint.

On 21 January 2020, Ascentium moved to set aside the default judgment, asserting that it should have received notice of the hearing, that Marshall's complaint failed to state a claim on which relief could be granted, that Marshall's damages had not been proved at the hearing, and that it had a meritorious defense to the underlying claim. On 30 January 2020, Ascentium filed a notice of appeal designating the August 2019 default judgment and the December 2019 order dismissing Bolton as the orders appealed. Finally, on 13 February 2020, Ascentium moved to stay execution of the judgment pending appeal and for a supersedeas bond. The court granted the stay and approved the bond on 19 February 2020.

Ascentium's appeal was submitted to this court in February 2021, and we dismissed the appeal for lack of jurisdiction. *Ascentium Capital, LLC v. Marshall*, 2021 Ark. App. 94. We held that Ascentium's notice of appeal had not been filed within thirty days of the default judgment, which was the final and appealable decision by operation of law. We also

explained that Ascentium's motion to set aside the default judgment was still pending, as it had not been denied by written order nor deemed denied by operation of law.

On 11 March 2021, Ascentium's counsel submitted a letter to the circuit court requesting action on the outstanding motion to set aside. The circuit court convened a hearing on May 19 and heard arguments from counsel; the court then issued its order on June 3. The circuit court quoted Ark. R. Civ. P. 55(c), which provides

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

The circuit court also noted that Ark. R. Civ. P. 55(b) does not require that notice of a hearing on damages be given to a defaulting defendant who has not appeared.

The circuit court found that Ascentium had not "alleged mistake, inadvertence, surprise, or excusable neglect. Nor have they shown fraud, misrepresentation[,] or misconduct of an adverse party. Defendant alleges no defects in the summons or service of the Complaint." The court also found that Marshall's complaint had stated a cause of action: "The Complaint in this matter alleges that Bolton forged [Marshall's] signature on a contract, collected monies based on that forged contract, and that the Plaintiff suffered damages as a result." Finally, the court found that Marshall had testified at the 21 August 2019 hearing to the damages he suffered as a result of the defendant's actions. The circuit court denied Ascentium's motion to set aside the default judgment, and Ascentium has timely appealed.

3

The standard of review for an order denying a motion to set aside default judgment depends on the grounds on which the appellant claims the default judgment should be set aside. *Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672. When the appellant claims that the default judgment is void, our review is de novo, and we give no deference to the circuit court's ruling. *Id.* In all other cases, we review an order denying a motion to set aside default judgment for abuse of discretion. *Id.* In the present case, Ascentium does not allege that the default judgment is void; therefore, we review the circuit court's order for an abuse of discretion. This court has described abuse of discretion as a high threshold that requires not only error but also a ruling made improvidently, thoughtlessly, or without due consideration. *Gonzales v. Cont'l Cas. Co.*, 2022 Ark. App. 501, 659 S.W.3d 277.

I. *Failure to State a Claim*

In his complaint, Marshall alleged the following:

4. That the defendant Corey Bolton operating within the course and scope of his employment or agency with Ascentium intentionally forged plaintiff's signature to an agreement with the purpose of defrauding him. The agreement was part of a conspiracy between the defendants Bolton and Ascentium to lure small business such as plaintiffs into their fraudulent scheme with the express purpose of electronically stealing monies from him as alleged herein after. The forged agreement is attached as Exhibit "1" to this complaint.

5. That the defendant Ascentium was fully aware of the forgery by Cory Bolton and thereafter adopted his efforts to extort and take unearned monies from the plaintiff by manipulating monthly charges and chargebacks to reflect fraudulent charges or debt that would be taken from plaintiff's account in the amount of thousands of dollars.

6. On information and belief the defendants, Ascentium and Cory Bolton, and perhaps others, acted to ensnare and defraud many small business owners and plaintiffs pray that they be allowed to amend to class action status following discovery.

4

7. That despite learning of the fraudulent activities of Corey Bolton and Ascentium in furtherance of their conspiracy and scheme, refused to desist from acting on the forged signature and then hired collectors and law firms to collect monies from plaintiff and other similarly situated business men whom they knew at the time were not indebted because of the fraudulent signature on the agreement. Ascentium continues to pursue plaintiff and other business men who were also defrauded. See Exhibit "2", collection notice.

8. That as a direct and proximate result of the fraud of the defendants, plaintiffs pray for an amount in excess of the minimum federal jurisdictional limits which at this time are Seventy-Five Thousand Dollars, $75,000.00, exclusive of interest and cost.

9. That the plaintiffs should collect punitive damages for the fraudulent and dishonest conduct in the sum to be determined but in excess of the minimum federal jurisdictional amount of $75,000.

Ascentium argues that Marshall's complaint failed to state a claim for fraud with the required particularity to sustain a finding of liability by default. Rule 9(b) of the Arkansas Rules of Civil Procedure requires the circumstance of fraud to be pled with particularity. Ark. R. Civ. P. 9(b) (2023). It has long been held that when fraud is relied on, the complaint must state something more than mere conclusions, and the facts relied on as constituting the fraud must be clearly set forth. *Burns v. Burns*, 199 Ark. 673, 135 S.W.2d 670 (1940).

According to Ascentium, the complaint alleges that Bolton forged Marshall's signature on the lease agreement, that Ascentium "adopted [Bolton's] efforts to extort and take unearned monies from [Marshall]," that Ascentium and Bolton acted to "ensnare and defraud many small business owners," and that Ascentium pursued collection of the unpaid balance of the lease agreement from Marshall when he stopped making payments. Ascentium asserts that these allegations are conclusory and "fail to connect the dots between an alleged forgery by one Defendant and actionable fraud by the other Defendant." In

5

addition, these allegations fail to address the five required elements of a fraud claim.[1]  For example, the complaint does not identify any false representation of material fact made by Ascentium, nor does it allege that Marshall was induced to act or refrain from acting by Ascentium.  The complaint also implies, but does not outright allege, a civil conspiracy between Bolton and Ascentium, again without any supporting factual allegations.

Ascentium also contends that the complaint failed to sufficiently state a claim for the damages awarded to Marshall.  It argues that the complaint focused on Bolton's alleged forgery and Ascentium's attempted collection of lease payments; the complaint did not allege any lost profits or other special damages.  Ascentium argues that Arkansas law requires this type of damages to be specifically pled.  Ark. R. Civ. P. 9(g); *IC Corp. v. Hoover Treated Wood Prods., Inc.*, 2011 Ark. App. 589, 385 S.W.3d 880.  Ascentium acknowledges that at the hearing in August 2019, Marshall was questioned about lost profits as a result of his inability to process credit cards at his place of business.  However, Ascentium characterizes Marshall's testimony as "unsupported" and "unsubstantiated."  In addition, Marshall made only a bare request for punitive damages in his complaint with no supporting allegations.

Finally, Ascentium asserts that at the August 2019 hearing, Marshall's attorney proceeded without informing the court that he had spoken to Randy Woods, a senior

---

[1]To establish a claim for fraud, a plaintiff must show (1) a false representation of material fact by the defendant; (2) knowledge or belief by the defendant that the representation is false or that there is insufficient evidence on which to make the representation; (3) intent to induce plaintiff to act or not act in reliance on the representation; (4) plaintiff's justifiable reliance on the representation; and (5) damage suffered by plaintiff as a result of the reliance.  *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324; *Godwin v. Hampton*, 11 Ark. App. 205, 669 S.W.2d 12 (1984).

account representative at Ascentium, in January 2019 and that Woods had told him that Ascentium had ceased collection efforts on Marshall's account in June 2018 and that Bolton was not, and had never been, an Ascentium employee. Ascentium argues that "[t]his reflects an effort to knowingly present false information" at the hearing in violation of Rule 3.3 of the Arkansas Rules of Professional Conduct and that this is an "independent reason" to set aside the default judgment.

First, there is no merit to any argument that Marshall's attorney violated the rules of professional conduct and that such violation warrants setting aside the default judgment. Second, we note that pleadings are to be liberally construed and will support a default judgment if they fully advise a defendant of his obligations and alleged breach of them. *Allied Chem. Corp. v. Van Buren Sch. Dist. No. 42*, 264 Ark. 810, 575 S.W.2d 445 (1979). Here, the complaint alleged that Bolton was using an Ascentium lease and forged Marshall's signature on it, and Ascentium was aware of the forgery but nevertheless used the forged lease in a collection effort. The forged contract and the collection notice, attached as exhibits to the complaint, support these allegations. And the circuit court specifically found that a cause of action had been pled. Applying the required standard of review, we hold that the circuit court did not abuse its discretion when it denied the motion to set aside the default judgment. The complaint, when liberally construed and deemed true, stated a claim for fraud. The circuit court made no ruling on whether the complaint sufficiently pled damages, so we do not address it. *Roberts v. Jackson*, 2011 Ark. App. 335, 384 S.W.3d 28.

II. *Evidence of Damages*

In Arkansas, a default judgment establishes liability but not the extent of damages. *Entertainer, Inc. v. Duffy*, 2012 Ark. 202, 407 S.W.3d 514. A hearing is required to establish damages, and the plaintiff must introduce evidence to support damages. *Id.* Our standard of review of a circuit court's award of damages is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Allen v. Sargent*, 2022 Ark. App. 14. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

At the August 2019 hearing, Marshall testified that he sustained losses of approximately $7,000 a month since July 2017 because he had been unable to accept credit cards. This amounted to a loss of approximately $168,000, and Marshall requested $150,000 in compensatory damages, which was granted. Marshall also requested treble damages for punitive purposes, which the circuit court granted.

Ascentium argues that the damages awarded by the circuit court, including the punitive damages, far exceeded the amount demanded in the complaint in violation of Ark. R. Civ. P. 54(c), which provides that "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." In support of reversal, Ascentium cites *Robinson v. Robinson*, 103 Ark. App. 169, 287 S.W.3d 652 (2008), wherein this court noted that in cases where judgment is entered by default, a party is expressly precluded from obtaining any relief not demanded in his pleadings.

8

Ascentium also asserts that the default judgment was prepared by Marshall's counsel prior to the hearing, it did not contain any specific findings of fact or conclusions of law, and it did not explain how the court reached the amount of compensatory and punitive damages awarded. Ascentium cites *MCSA, LLC v. Thurmon*, 2014 Ark. App. 540, 444 S.W.3d 428, in which this court reversed a default-damages award of $645,809.98 that was over twenty times the total amount of the plaintiff's medical bills and related travel expenses. We recognized that the circuit court found the testimony of the plaintiff and her husband credible, but we noted that theirs was the only testimony presented, and it lacked any supporting computation, objective proof, or expert opinion. Further, there was no foundation for the figures suggested by counsel for pain and suffering, mental anguish, and future medicals. *See also McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006) (holding that a damages award that was over ten times the amount of the appellees' actual out-of-pocket medical bills and lost wages was arbitrary and not supported by sufficient evidence).

Ascentium argues that, as in *Thurmon* and *McGraw*, the damages award to Marshall is not supported by the meager evidence presented at the hearing. Marshall presented no supporting documents or testimony regarding his purported inability to process credit-card payments, his business's historical financial performance or profit margins, or his assertion that he had been placed on a "master list" that meant no other credit-card companies would do business with him. Marshall's attorney merely calculated the amount of damages that he believed Marshall had sustained, Marshall agreed with the amount, and the circuit court simply adopted the calculations of Marshall's attorney.

In its order, the circuit court did not address damages other than the following: "Plaintiff testified to the damages he suffered as a result of the actions of the defendants. . . . Plaintiff is entitled to the default regarding to [sic] liability without further notice, and upon subsequently proving their damages, Plaintiff was entitled to the judgments in the amounts proven." Assuming this constitutes a ruling on Ascentium's argument, we first note that the complaint did not plead any certain amount of compensatory or punitive damages—instead only asking for more than $75,000 on each—so any argument that the amount awarded was more than the amount prayed for in the complaint is meritless. Second, it is clear from the transcript of the August 2019 hearing that Marshall testified as to his business losses and that the circuit court credited this testimony. We defer to the circuit court sitting as the trier of fact to resolve matters of credibility. *Grimsley v. Drewyor*, 2019 Ark. App. 218, 575 S.W.3d 636. Also, Marshall requested $150,000 in compensatory damages as well as treble damages for punitive purposes, which explains how the circuit court arrived at the amounts awarded. Ascentium makes no argument that the circuit court erred by awarding treble damages. The circuit court's award of damages is not clearly erroneous.

### III. *Notice of Hearing*

For its third point, Ascentium argues that under the particular circumstances of this case, Marshall should have provided notice of the motion for default and the hearing. It acknowledges that Ark. R. Civ. P. 55(b) requires that notice of a motion for default judgment be provided to a defendant only when the defendant has made an appearance in the litigation. However, Ascentium asserts, Marshall's attorney had communicated with Woods, an Ascentium employee, and therefore knew that Ascentium was "not ignoring the

10

complaint." And while Rule 55 did not impose an explicit obligation to give notice because Ascentium did not enter an appearance through counsel beforehand, equitable considerations should certainly impose such an obligation on Marshall or his attorney. Ascentium concludes that the default judgment should be vacated and that it should be allowed to defend itself at a damages hearing.

We hold that Ascentium had no right to notice of the hearing, nor did Marshall or his counsel have an equitable obligation to inform it of the hearing. Rule 55(b) is clear that notice of a hearing is required only when a defendant has appeared. An "appearance" under Rule 55(b) is any action on the part of a defendant, except to object to jurisdiction, that recognizes the case as in court. *Trelfa v. Simmons First Bank*, 98 Ark. App. 287, 254 S.W.3d 775 (2007). Ascentium did not make an appearance in the case; therefore, it was not entitled to notice.

Affirmed.

GLADWIN and WOOD, JJ., agree.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, by: *Blair B. Evans*, for appellant.

*Chuck Gibson* and *James Swindoll*, for appellee.