Cite as 2024 Ark. App. 46

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-23-213

| | | |
|---|---|---|
| EMILY SUTTON | | Opinion Delivered January 24, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON |
| | | COUNTY CIRCUIT COURT |
| V. | | [NO. 72DR-21-259] |
| | | |
| JORDAN FALCI | | HONORABLE JOHN C. THREET, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

**CINDY GRACE THYER, Judge**

Appellant Emily Sutton appeals an order of the Washington County Circuit Court that granted appellee Jordan Falci's motion to modify the couple's child-custody arrangement. On appeal, she argues that the court erred in multiple ways when it entered a default order effectuating the change of custody. Because we are unable to reach the merits of her arguments, we must affirm.

Emily and Jordan were divorced by a decree of the Washington County Circuit Court entered on June 10, 2022. The decree awarded joint custody of the couple's child on a "week-on, week-off" basis. On October 28, Jordan filed a motion to modify custody, for support, and for contempt. He alleged that there had been material changes in circumstances that caused it to be in the child's best interest to change custody. Jordan set forth a number of allegations supporting his request for modification, including claims that Emily had refused

to coparent in a reasonable manner, refused to communicate with him in a healthy manner, and failed to follow the court's visitation schedule since the divorce decree had been entered. He requested that the court modify the joint-custody arrangement and grant him primary physical and legal custody of their child subject to Emily's reasonable visitation.

Jordan also asked that Emily be held in contempt for failing to do "several things" she was ordered to do in the divorce decree. Specifically, he alleged that she had been ordered to refinance her car yet failed to do so and that she missed payments on it in the interim, causing harm to Jordan's credit. Emily answered Jordan's motion, generally denying each paragraph but offering no specific response to any allegation.

On January 19, 2023, Jordan filed a motion to compel discovery. He noted that he had propounded written discovery requests to Emily on December 5, 2022, making her responses due by January 9. As of that date, and despite Jordan's counsel's good-faith attempt to have Emily respond to his discovery requests, Emily had not tendered her responses. Jordan therefore asked the circuit court to order Emily to produce complete responses to his discovery requests within ten days. The circuit court entered an order on the same day Jordan filed his motion, directing Emily to respond to Jordan's written discovery requests on or before January 25, 2023.

When Emily failed to respond to this order, Jordan filed a motion for sanctions on February 1. He asked the court to strike all of her pleadings and prohibit her from introducing any evidence at trial pursuant to Arkansas Rule of Civil Procedure 37(b)(2)(B) & (C). The circuit court entered an order the next day in which it granted Jordan's requested

relief, struck Emily's answer to Jordan's motion to modify custody, and directed that she be prohibited at trial from opposing Jordan's claims as set forth in his motion for modification of custody. In addition, the court awarded Jordan $750 in attorney's fees.

On February 12, Emily filed a "Motion to Set Aside Default Order." In this motion, she asserted that she had never willfully failed or refused to comply with the court's orders, "other than the fact that she could not timely respond accordingly due [to] confusion as to when and how her responses were due and when exactly she received the interrogatories from her council [sic] by email." She claimed that she had "now answered and tendered to [Jordan's] attorney [her] answers to interrogatories." Emily argued that she should be entitled to her day in court and that the current custody arrangement of one week on, one week off was working very well and should not be altered. Finally, she requested a hearing on the matter.

The court entered an order the next day, February 13, captioned "Default Order to Modify Custody, Award Support, and For Contempt." In this order, the court made the following relevant findings:

> 4. That on October 28, 2022, [Jordan] caused to be filed with this Court a Motion to Modify Custody, for Support, and for Contempt alleging that there had been a material change in circumstances and that due to such it is in the parties' minor child's best interest for custody to be modified. [Jordan] asked to be awarded primary custody of the parties minor child, for child support to be awarded to him and for [Emily] to be found in contempt.

> 5. On February 2, 2023, this Court entered an Order for Sanctions striking from the record [Emily]'s "Answer to Motion to Modify Custody, for Support and for Contempt due to [Emily]'s failure to abide by this Court's Order to Compel entered January 19, 2023.

6. As a result, [Emily] currently stands in default.

7. Upon review of the pleadings on the record this Court finds that a material change in circumstances has occurred.

8. That it is in the parties' minor child's best interest for the joint custody arrangement to be modified. [Jordan] is awarded primary physical and legal custody of the parties' minor child.

. . . .

18. That [Emily] is found to be in contempt for failing to refinance her vehicle and removing [Jordan] from it as ordered in the Decree of Divorce. [Emily] shall do so within thirty (30) days of this order being entered.

Emily filed a timely notice of appeal from this order on March 3, 2023.[1]

Ordinarily, we perform a de novo review of child-custody matters, but we will not reverse the circuit court's findings unless they are clearly erroneous. *Hamerlinck v. Hamerlinck*, 2022 Ark. App. 89, at 12, 641 S.W.3d 659, 665. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made. *House v. House*, 2023 Ark. App. 477, at 7, 678 S.W.3d 824. While our review of such cases is de novo, however, "[d]e novo review does not

---

[1]In her brief, Emily states that she also filed a "Motion to Set Aside Default Order and Demand for Hearing with Brief Incorporated Herein" on March 27, 2023. This pleading, however, does not appear in the record that was prepared for and presented to this court. We therefore cannot consider it because we do not consider matters outside the record on appeal. *See Jacks v. Brossett*, 2024 Ark. App. 6, at 15 n.14, ___ S.W.3d ___, ___ n.14 (citing *Hutchinson v. Armstrong*, 2022 Ark. 59, 640 S.W.3d 395). Moreover, because the record in this case was lodged with our court on March 29, 2023, the circuit court lost jurisdiction to act on the motion at that point. *See Jackson v. IberiaBank*, 2022 Ark. App. 94, at 4 ("Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy.").

mean that we can entertain new issues when the opportunity presented itself for them to be raised below, and that opportunity was not seized." *Jones v. Jones*, 320 Ark. 449, 453, 898 S.W.2d 23, 25 (1995); *see also Roberts v. Yang*, 2010 Ark. 55, at 6, 370 S.W.3d 170; *Roberts v. Roberts*, 2009 Ark. 567, at 8, 349 S.W.3d 886; *Clary v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 338, at 5.

Emily's overarching argument on appeal is that the circuit court "erred in entering a default order modifying custody." Under this main heading, she raises multiple subpoints, contending that the circuit court erred by (1) entering a default order modifying custody due to a lack of evidence; (2) entering a default order modifying custody because it did not consider the best interest of the child; (3) entering a default order modifying custody because Emily was denied due process as a result of the court's failure to comply with several rules of civil procedure; (4) entering a default order because the order grants relief that was not prayed for in Jordan's motion for sanctions; and (5) holding Emily in contempt on an unverified motion not supported by facts. We are unable to reach the merits of any of Emily's arguments, however, because she failed to raise any of them before the circuit court.

Emily first argues that the court erred in granting the change of custody in the absence of evidence that there had been a material change in circumstances. She complains that Jordan's motion for modification of custody consisted of nothing more than a "laundry list of vague complaints that he . . . failed to prove." She also argues that Jordan's motion was not verified or supported by any tangible evidence, and the claims he raised therein did not rise to the level of a substantial change in circumstances.

As Jordan points out, however, Emily never challenged the "quality or quantity of the evidence in the trial court." We agree. As noted above, her answer to Jordan's motion for modification of custody set forth only general denials of the allegations in Jordan's motion. In her "Motion to Set Aside Default Order," filed after the court had entered its order granting Jordan's motion to strike her pleadings, Emily asserted only that she had never willfully failed to comply with the court's orders, that she had not responded to discovery requests only because she was confused about when and how to do so, and that the current custody arrangement was working and should not be amended. After the court entered its order granting Jordan's motion for change of custody, Emily did not file a timely postruling motion under any of the applicable rules of civil procedure that allow for modifying or setting aside a court's order, wherein she could have raised a challenge to the sufficiency of the evidence supporting the court's ruling.

In *Buskirk v. Buskirk*, 2018 Ark. App. 417, at 4–5, 559 S.W.3d 285, 288, this court declined to consider a father's argument that the circuit court misapplied the burden of proof that is required for a modification of child custody because the father did not raise that argument below. Citing *Rice v. Rice*, 2016 Ark. App. 575, at 8, 508 S.W.3d 80, 86, the *Buskirk* court noted the well-settled rule that "[a] party is bound by the scope and nature of the arguments made at trial. . . . Because this allegation of error was not raised and decided below, we are precluded from reaching its merits now." Likewise, in this case, because Emily failed to raise her argument regarding the sufficiency of the evidence supporting a material

6

change in circumstances before the circuit court, she is barred from raising it on appeal to this court.

Emily next argues that the court erred because it did not consider the best interest of the child in granting Jordan's request for a modification of custody. Specifically, she claims that the "primary consideration for modifying custody was a technical failure [by her] attorney in handling discovery and not what [was] in the child's best interest." In support of her argument, she cites *Jones v. Jones*, 2019 Ark. App. 596, 591 S.W.3d 831, in which this court reversed a circuit court's refusal to set aside a default judgment awarding custody. There, we declined to adopt a blanket rule holding that child custody could not be awarded via a default judgment. We held, however, that the circuit court abused its discretion in refusing to set aside the default judgment because it had failed to consider the best interest of the child in making its custody decision, and that failure constituted an "other reason justifying relief" pursuant to Arkansas Rule of Civil Procedure 55(c)(4) (providing grounds for setting aside default judgments).

In *Jones*, however, the mother filed a motion to set aside the default judgment pursuant to Rule 55(c), asserting multiple grounds for setting aside the court's default order awarding custody. Here, by way of contrast, Emily failed to argue before the circuit court that the default order granting Jordan's modification of custody should be set aside because the court failed to consider the best interest of the child. Her argument is therefore not preserved. *See Wood v. Alkhaseh*, 2023 Ark. App. 179, 666 S.W.3d 87 (refusing to consider an argument to set aside a default judgment that was raised for the first time on appeal);

7

*Cook v. Cook*, 2022 Ark. App. 449, at 3 ("We think [appellant] was required to seek relief in the circuit court under Rule 55, at a minimum, before asking us to grant some relief.").

In her third subpoint on appeal, Emily argues that the circuit court erred in entering the default order modifying custody because the court failed to comply with Arkansas Rules of Civil Procedure 6(c) (giving a party opposing a motion ten days to respond after service of the motion), 55(b) (directing a party claiming entitlement to a default judgment to "apply to the court therefor"), and 7(b)(1) & (b)(2) (requiring motions to be made in writing, state with particularity the grounds therefore, set forth the relief sought, and include a brief supporting the factual and legal bases for the motion). Emily argues that each of these contraventions of the rules of civil procedure violated her due–process rights, essentially contending that the court's alleged errors deprived her of her rights to notice and an opportunity to respond to the motions filed by Jordan.

Once again, however, Emily failed to raise any sort of due-process or rules-violation argument before the circuit court, instead presenting them to this court for the first time on appeal. We will not consider arguments made for the first time on appeal, even constitutional arguments, because doing so deprives the circuit court of the opportunity to fully develop the issue. *Reynolds v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 287; *see also Johnson v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 274 (holding there would be no meritorious argument concerning the circuit court's ruling on a motion without affording opposing counsel ten days to respond pursuant to Ark. R. Civ. P. 6(c) because counsel failed to raise the argument below); *Bates v. Homan*, 2021 Ark. App. 266 (refusing to address

8

challenge to circuit court's denial of a motion to set aside a default judgment pursuant to Ark. R. Civ. P. 55(b) because it was not raised below).

Emily next contends that the circuit court erred in entering the default order because that order granted relief that Jordan did not seek in his motion for sanctions. Here, she notes that Jordan asked only that her answer be struck and that she be precluded from offering testimony or evidence at trial. Despite the fact that these were the only things Jordan sought, the court nonetheless entered an order modifying custody, which Jordan did not ask for.

In support of her argument, Emily cites *Robinson v. Robinson*, in which this court stated that "in cases where judgment is entered by default, a party is expressly precluded from obtaining any relief not demanded in his pleadings." 103 Ark. App. 169, 170, 287 S.W.3d 652, 653 (2008).[2] In *Robinson*, however, the party against whom the default judgment was entered filed a motion to vacate the default judgment and made specific arguments as to why

---

[2]In that case, a wife obtained a divorce by default after the husband failed to answer the complaint. The complaint averred that there were unspecified issues regarding marital property and debt to be adjudicated. Although he had failed to answer, the husband showed up for the hearing to decide the property- and debt-related issues. The court denied the husband's request to introduce evidence at the hearing and ultimately entered an order adjudicating the property and debt matters. The husband filed a motion to vacate the decree on the grounds that the court erred in refusing to allow him to present evidence on the issue of damages. The circuit court denied the motion, but on appeal, this court reversed. In doing so, we stated the rule that a default judgment establishes liability but not the amount of damages. Because the wife sought only unspecified damages, the court's marital-property and debt award "necessarily exceeded in amount that which was prayed for in the demand for judgment." *Id.* at 170–71, 287 S.W.3d at 653. This was erroneous because when a default judgment is entered, the party obtaining it is expressly precluded from obtaining any relief not demanded in his pleadings. *Id.*

9

the judgment was in error. Emily failed to present her argument--that the default awarded more than was sought by Jordan's pleadings--to the circuit court; as such, it is not preserved for our review.

Finally, Emily challenges the portion of the circuit court's order holding her in contempt. On this issue, the circuit court found that Emily was "in contempt for failing to refinance her vehicle and removing [Jordan] from [the title] as ordered in the Decree of Divorce. [Emily] shall do so within thirty (30) days of this order being entered." On appeal, Emily argues that the court erred in finding her in contempt "on an unverified motion not supported by facts."

Emily does not specifically challenge the factual basis for the court's contempt order—i.e., she does not argue that she failed to refinance the vehicle as she had been ordered to do in the divorce decree.[3] Nor does she argue that the order in the divorce decree was insufficiently definite in its terms, as is required before a party may be held in contempt. *See, e.g., Iacampo v. Hoffpauir*, 2023 Ark. App. 533, at 14 ("Before one can be in contempt for violating a court's order, the order must be definite in its terms, clear as to what duties it imposes, and express in its commands."). Instead, she contends that Jordan did not "follow the rules" for initiating contempt proceedings in that he failed to submit an affidavit in

---

[3]Emily also complains that part of Jordan's motion for contempt was "vague" when he argued that she had been "ordered to several things in the decree of divorce" and had failed to do those things. The circuit court did not, however, find her in contempt for not doing "several things." It found her in contempt for not refinancing the car, which Jordan specifically pled in his motion to modify custody, for support, and for contempt.

support of his request for contempt sanctions. *See, e.g.*, *Hilton Hilltop, Inc. v. Riviere*, 268 Ark. 532, 534, 597 S.W.2d 596, 596 (1980) ("Unless the court initiates the proceedings on its own motion, however, any proceeding to punish for contempt committed outside the presence of the court must be initiated by an affidavit of a person who witnessed the contempt or otherwise has knowledge of it.").

Emily failed, however, to present this argument to the circuit court. Jordan's motion for contempt asserted that Emily failed to refinance her vehicle as she was ordered to do in the divorce decree. Emily's answer to the motion merely generally denied this allegation. Nowhere did she argue or suggest that Jordan's request for contempt sanctions be denied because he failed to follow proper procedure. Because she did not raise this issue before the circuit court or get a ruling on it, it is not preserved for appellate review.

While some of Emily's arguments may have presented legitimate questions for appellate review, her failure to preserve them prevents us from addressing them substantively. *See Bates v. Gilliam*, 2020 Ark. App. 300, at 3–4, 603 S.W.3d 583, 585 (agreeing with appellant's argument but refusing to reach the merits of it because "Arkansas does not have a plain-error rule."). Accordingly, we are forced to affirm.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Osborne & Wilmoth Law Firm*, by: *Sammi Wilmoth*, for appellant.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellee.

11