Cite as 2025 Ark. App. 40

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-23-644

| | |
|---|---|
| KIMBERLY HENDERSON<br>APPELLANT<br><br>V.<br><br>CHAD SIMPSON<br>APPELLEE | **Opinion Delivered** January 29, 2025<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26DR-23-340]<br><br>HONORABLE LYNN WILLIAMS, JUDGE<br><br>REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

Kimberly Henderson appeals an order denying a motion to set aside a final order entered by default on Chad Simpson's petition to establish paternity and custody. The order found Chad was the natural father of Kimberly's seven-year-old daughter M.C. and awarded him sole custody and authority to deny Kimberly any visitation or contact with her. We reverse the default judgment (order) and remand for further proceedings.

After Kimberly's time to "plead or otherwise defend" in response to the petition had passed, the circuit court held a hearing and then entered the final order in July 2023. Ark. R. Civ. P. 55(a). Chad attended the hearing; Kimberly did not. In response to a question from the court, Chad's counsel confirmed that Kimberly never filed an answer. He said

notice of the hearing had been mailed to her in June.[1]  After the bailiff sounded the hall,

this followed:

THE COURT: She has failed to appear; therefore, we have a default situation.  We will grant paternity in the name of Chad Simpson.  The Department of Health, Vital Statistics will change the birth certificate to reflect that he is indeed the father of this child.  It is a child?

MR. TAPP: It is a child.

THE COURT: A child and custody will be at — with Mr. Simpson and visitation will be at his discretion.  Anything further in this matter?  I guess child support, have you been able to — we don't have an [affidavit of financial means] or anything like that?

MR. TAPP: Your Honor, I don't.  I'm going to calculate her child support at $1,906 which is minimum wage for 40 hours a week.

THE COURT: Thank you.  Anything further in this matter?

MR. TAPP: No, Your Honor.

The court heard no testimony; not even from the petitioner, Chad.  It entered a final

order on July 13.  In the order, the court found—having received no evidence and only

Chad's bare-bones petition—that he "ha[d] overcome the burden of proof regarding the

presumption of joint custody for the minor child by clear and convincing evidence" and

awarded him "full legal and physical custody" of M.C.  The order provided that Kimberly

---

[1]Kimberly swore in an affidavit attached to her motion to set aside the judgment that the address to which the notice was mailed does not exist, as she had told Chad after a process server tried to serve her with the petition there, and she did not receive notice of the hearing.  On those grounds, she moved to set the judgment aside under Arkansas Rules of Civil Procedure 55(c)(1) & (3) and 59(a)(1).  Because we reverse under Rule 55(c)(4), we do not address this argument.

"shall have no contact or visitation with [M.C.] unless at the advance direction of the Plaintiff."

Within eight days, Kimberly moved to set aside the default judgment and for a new trial.[2] In her motion and attached affidavit, Kimberly said that before the court entered the July order, she and Chad shared custody of M.C. on alternate weeks. One or two months earlier, Kimberly's older minor daughter had "made disclosures to [her] about sexual events that happened between herself and [Chad] while she was visiting in his home with [M.C.]." Kimberly contacted authorities and believed an investigation was pending. The affidavit continues, "Chad is telling me that as long as we continue to pursue the allegations my oldest daughter has made, he will not even allow me to talk to [M.C.] or allow her to be around my oldest daughter." Kimberly did not dispute that she was properly served with the petition. She explained that she had not answered it because she spoke to Chad shortly before the deadline and he told her they could come to an agreement to keep things out of court. She was under the impression they were going to come to agreement and that she "was just waiting on the paperwork."

Chad filed an unverified response with no supporting evidence. Kimberly filed a letter August 1 requesting a hearing on the motion. The court denied the motion expressly on August 2, without explanation or a hearing. Kimberly timely appealed both orders.

---

[2]Kimberly filed an amended motion the same day. It is identical to the motion in content, but it includes an affidavit omitted from the original filing. To simplify the narrative, we leave that procedural detail here and refer to the amended motion as "the motion" elsewhere.

Kimberly's first (and dispositive) point on appeal is that the circuit court abused its discretion by denying her motion without evidence and without determining M.C.'s best interest—which is an "other reason justifying relief" from default judgment under Arkansas Rule of Civil Procedure 55(c)(4). *Jones v. Jones*, 2019 Ark. App. 596, 591 S.W.3d 831. In *Jones*, a mother obtained a temporary order of protection in Alabama based on allegations that her Arkansas-based husband had threatened to kill her and her child and had physically and sexually abused her in the child's presence. *Id.* at 2, 591 S.W.3d at 832. Her husband filed for divorce in Arkansas. The Arkansas court granted him sole custody after the mother failed to file an answer. She moved to set the custody order aside (attaching the Alabama papers) because (among other reasons) the need to consider the child's best interest was an "other reason justifying relief" under Rule 55(c)(4). The circuit court denied her motion without addressing the abuse allegations.

A six-judge majority of this court held in that nine-judge appeal that the denial was "a complete perversion of the premise that our courts are concerned with the best interest of the child." *Id.* at 7, 591 S.W.3d at 834. We noted that a statute required circuit courts to consider alleged abuse when determining child custody, and "even create[d] a rebuttable presumption that it is not in the best interest of a child to be placed in the custody of an abusive parent if there is a pattern of domestic abuse." *Id.* (citing Ark. Code Ann. § 9-13-101(c)(1) & (2) (Repl. 2015)).

Kimberly points to *Jones*, and a different statutory presumption enacted after it was decided: the mandatory (but rebuttable) presumption that an initial award of joint custody is in a child's best interest. Act 604 of 2021 (codified at Ark. Code Ann. § 9-13-

4

101(a)(1)(A)(iv)(*a*) (Supp. 2023)).  The Act 604 presumption can be rebutted if the court "finds by clear and convincing evidence that joint custody is not in the best interest of the child."  Ark. Code Ann. § 9-13-101(a)(1)(A)(iv)(*b*)(*1*).  In the July order, the court found the presumption *had been* rebutted.  The court found Chad had "overcome the burden of proof regarding [that] presumption of joint custody . . . by clear and convincing evidence."

But as we have stated, the transcript of the July hearing includes no evidence.  And the boilerplate, bare-boned allegations in Chad's paternity petition were the minimum on which a paternity judgment could rest, we think, but they cannot rebut the Act 604 presumption even if Kimberly's default admitted them.  The petition states that Chad "is the natural father of the minor child born to the Defendant[.]"  It asks that "after the Court has established that he is the natural father of [M.C.] . . . that he be awarded custody of the minor child with the Defendant receiving visitation as ordered by the Court."  It proposes that Kimberly "should [be] ordered to pay child support for the minor children [sic]."  But it does not include even a conclusion that Chad was fit, or Kimberly unfit, to have custody of M.C. or virtually any fact that would be relevant (much less decisive) in a best-interest determination.  The petition does not disclose why Chad was filing for paternity seven years after M.C.'s birth or whether he had so much as met M.C. in that time.  If this goes, anything goes.

Our supreme court "ha[s] repeatedly held . . . that the primary consideration in domestic relations cases is the welfare and best interest of the children and that all other considerations are secondary."  *Moix v. Moix*, 2013 Ark. 478, at 10, 430 S.W.3d 680, 686.  So have we.  *E.g.*, *Grimsley v. Drewyor*, 2019 Ark. App. 218, 575 S.W.3d 636.  Taking the

5

admonition seriously, we think the order denying Kimblery's motion to set the July order aside stands on shakier ground than the order in *Jones*—which we reversed—in at least these ways:

- The facts the father pleaded in *Jones*, unlike those Chad pleaded, established an arguable basis to award sole custody. He pleaded that the child had been born during his five-year marriage to the mother; that he had been the child's primary caregiver since her birth; and that he was the fit and proper person to have full custody.

- No facts that were before the circuit court in *Jones* when it awarded custody by default triggered a mandatory presumption that sole custody was not in the child's best interest, subject to rebuttal with evidence. The facts in this case did, and Act 604 applied, because this was "an original child custody determination in a . . . paternity matter." Ark. Code Ann. § 9-13-101(a)(1)(A)(i).

- The default judgment entered in *Jones* provided for visitation by the mother, and prohibited the father from preventing contact with the child, consistent with the statutory guidelines for awarding custody. *See* Ark. Code Ann. § 9-13-101(b)(1)(A)(i) ("When in the best interest of a child, custody shall be awarded in such a way so as to assure the frequent and continuing contact of the child with both parents consistent with subdivision (a)(1)(A) of this section."). Here, the court awarded Chad discretion to prevent any contact with Kimberly, who had not been demonstrated (or even alleged) to be unfit

6

in any way. And Kimberly stated in her affidavit that Chad was using that discretion to prevent any contact with M.C. while the cloud of a potential investigation remained.

- The circuit court in *Jones* conducted an evidentiary hearing on the mother's motion to set aside default judgment before denying it. Here, the circuit court did not.

Neither the initial custody award nor the order declining to set it aside could reflect any proper judicial determination of M.C.'s best interest. The custody award conflicts with the General Assembly's legislative determination that, unless clear and convincing evidence showed otherwise, M.C.'s best interest was for her parents to have joint custody. The judgment is therefore reversed and vacated; and the case is remanded for, at minimum, an evidentiary hearing to determine custody de novo, with the paramount question being what is in M.C.'s best interest. The related child-support award is also vacated because it is inextricably entwined with the erroneous default judgment.

Reversed and remanded.

KLAPPENBACH, C.J., and VIRDEN, J., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *TashaC. Taylor*, for appellant.

*Robert S. Tschiemer*, for appellee.

7